[906 NE2d 381, 878 NYS2d 653]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILLIAM KALIN, Respondent.

Argued February 12, 2009; decided March 31, 2009

**POINTS OF COUNSEL**

*Richard A. Brown, District Attorney,* Kew Gardens (*William H. Branigan* and *John M. Castellano* of counsel), for appellant. I. Defendant forfeited his claim when he pleaded guilty, and the Appellate Term improperly addressed that claim and reversed his conviction. (*Matter of Jahron S.,* 79 NY2d 632; *Matter of Michael M.,* 3 NY3d 441; *People v Hansen,* 95 NY2d 227; *People v Casey,* 95 NY2d 354; *People v Zambounis,* 251 NY 94; *People v*

*Scott,* 3 NY2d 148; *People v Keizer,* 100 NY2d 114; *People v Taylor,* 65 NY2d 1; *People v Konieczny,* 2 NY3d 569; *People v Alejandro,* 70 NY2d 133.) II. Dismissal of the entire accusatory instrument was inappropriate where a sufficient instrument existed upon which to commence proceedings against defendant. (*United States v Morrison,* 449 US 361; *United States v Blue,* 384 US 251; *People v Kelly,* 62 NY2d 516; *People v Pobliner,* 32 NY2d 356; *People v Casey,* 95 NY2d 354; *People v Dumas,* 68 NY2d 729; *People v Alejandro,* 70 NY2d 133; *People v Ramos,* 99 NY2d 27; *Texas v Cobb,* 532 US 162.)

*Lawrence T. Hausman,* New York City, *Steven Banks* and *Jonathan Garelick* for respondent. I. The allegations in the accusatory instrument failed to establish a prima facie case of criminal possession of a controlled substance in the seventh degree, and the accusatory instrument was accordingly jurisdictionally defective. (*People v Casey,* 95 NY2d 354; *People v Alejandro,* 70 NY2d 133; *People v Weinberg,* 34 NY2d 429; *People v Keizer,* 100 NY2d 114; *People v Jones,* 9 NY3d 259; *People v Konieczny,* 2 NY3d 569; *Matter of Jahron S.,* 79 NY2d 632; *Matter of Wesley M.,* 83 NY2d 898; *Matter of Michael M.,* 3 NY3d 441; *Matter of Angel A.,* 92 NY2d 430.) II. It is well established by this Court's precedents that dismissal of the accusatory instrument was the appropriate remedy; in any event, that remedy was appropriate in this case. (*People v Flynn,* 79 NY2d 879; *People v Burwell,* 53 NY2d 849.)

### OPINION OF THE COURT

Graffeo, J.

In this appeal, we are asked whether defendant's entry of a guilty plea forfeited his claim that the misdemeanor information was deficient. We answer that question in the affirmative.

In January 2006, defendant William Kalin was a passenger in an automobile that was stopped by a New York City police officer for having a faulty exhaust system. In the course of the traffic stop, the officer recovered what he believed were nine plastic bags of heroin together with a bag of marijuana from the vehicle's center console, and a marijuana pipe from the glove compartment. Defendant and the other occupants of the car were arrested for criminal possession of a controlled substance in the seventh degree and unlawful possession of marijuana.

At his arraignment the next day, defendant pleaded guilty to seventh-degree possession of a controlled substance in return for a sentence of time served. The trial court informed

defendant of the rights that he was waiving by entry of his plea, but did not advise defendant that he had the right to be prosecuted by a misdemeanor information rather than a misdemeanor complaint (*see* CPL 170.65 [1]). During the plea allocution, defendant admitted that he had possessed heroin.

Defendant subsequently appealed, arguing that the accusatory instrument was jurisdictionally defective because it did not satisfy the prima facie case requirement for a misdemeanor information as specified in CPL 100.40. Relying on *Matter of Jahron S.* (79 NY2d 632 [1992]) and *People v Alejandro* (70 NY2d 133 [1987]), defendant argued that the police officer's reliance on his experience and training in determining that defendant possessed heroin was insufficient to support the charge of criminal possession of a controlled substance in the seventh degree. The Appellate Term agreed with defendant, reversing the conviction and dismissing the accusatory instrument (17 Misc 3d 131[A], 2007 NY Slip Op 51998[U] [2007]). A Judge of this Court granted leave (10 NY3d 865 [2008]), and we now reverse and reinstate the conviction.

The usual instrument filed to obtain jurisdiction over an accused for a misdemeanor offense is a misdemeanor complaint (*see* CPL 100.05, 100.10 [4]). A complaint contains an accusatory portion that charges the designated offense (*see* CPL 100.15 [2]) and a factual section that alleges "facts of an evidentiary character supporting or tending to support the charges" (CPL 100.15 [3]). The factual part of a complaint must establish "reasonable cause" to believe that the defendant committed the charged offense (*see* CPL 100.40 [4] [b]).

A misdemeanor complaint, however, may not serve as the basis for a prosecution unless the accused expressly waives the right to be prosecuted by a misdemeanor information (*see* CPL 100.10 [4]; 170.65 [1], [3]). Thus, in the absence of such consent, the sufficiency of the accusatory instrument—even if it was intended to be a complaint—must be evaluated under the standards that apply to an information (*see People v Weinberg*, 34 NY2d 429, 431 [1974]). In this case, even if the People intended to prosecute defendant using a misdemeanor complaint, the accusatory instrument must be treated as an information for the purpose of assessing its jurisdictional sufficiency because defendant was not informed of his right to be prosecuted on an information and did not waive that protection (*see id.*).

In addition to the reasonable cause requirement, an information must also set forth "nonhearsay allegations which, if true,

establish every element of the offense charged and the defendant's commission thereof" (*People v Henderson*, 92 NY2d 677, 679 [1999]; *see* CPL 100.40 [1] [c]). This is referred to as the "prima facie case requirement" (*People v Jones*, 9 NY3d 259, 262 [2007]).[1] An information that does not satisfy this standard by failing to allege a complete element of the charged offense is jurisdictionally defective and may be challenged on appeal even though a defendant never raised the alleged insufficiency prior to entering a guilty plea (*see e.g. People v Jones*, 9 NY3d at 262; *People v Casey*, 95 NY2d 354, 364 [2000]; *People v Alejandro*, 70 NY2d at 136).[2] Standing alone, a conclusory statement that a substance seized from a defendant was a particular type of controlled substance does not meet the reasonable cause requirement (*see People v Dumas*, 68 NY2d 729, 731 [1986]). Rather, the factual allegations must establish the basis of the arresting officer's belief that the substance seized was an illegal drug—for example, an officer may allege that the accused made a statement identifying the drug.

Here, defendant pleaded guilty to criminal possession of a controlled substance in the seventh degree, the elements of which are the knowing and unlawful possession of a controlled substance in the State of New York (*see* Penal Law § 220.03). In the accusatory instrument, the officer asserted that his "experience as a police officer as well as [his] training in the identification and packaging of controlled substances and marijuana" provided the foundation for his conclusion that he had discovered marijuana and heroin in the vehicle. The Appellate Term, however, believed that under *Jahron S.*, an allegation of this nature is insufficient to establish a prima facie case of drug possession for purposes of an information (as opposed to the complaint that was at issue in *Dumas*).

The primary issues we considered in *Jahron S.* were whether the sufficiency of a juvenile delinquency petition was subject to the same legal standards as a misdemeanor information, whether the factual allegations of a juvenile delinquency

---

1.  This additional showing is required because, unlike a felony complaint, a misdemeanor information "is not followed by a preliminary hearing and a Grand Jury proceeding" and, consequently, there is no pretrial proceeding at which the People are required to "present actual evidence demonstrating a prima facie case, as with an indictment following a felony complaint" (*People v Alejandro*, 70 NY2d at 138).

2.  In contrast, a "hearsay defect in an accusatory instrument is nonjurisdictional and, thus, forfeited by a guilty plea" (*People v Keizer*, 100 NY2d 114, 121 [2003]).

petition can be supplemented by a supporting deposition and whether facts asserted after a petition is filed can be considered when assessing the sufficiency of the petition. After an analysis that resulted in the first two questions being answered in the affirmative and the third being answered in the negative, it was then necessary for us to consider whether the petition was, in fact, sufficient.

The police officer in *Jahron S.* submitted a juvenile delinquency petition accompanied by a supporting deposition that stated

> "he had observed [the] appellant in possession of 33 vials of cocaine in crack form, and that 'based upon [his] training and experience as a police officer assigned to a special narcotics unit with respect to the appearance, handling and packaging of narcotics and other controlled substances,' he believed the substance to be crack cocaine" (79 NY2d at 634).

In reviewing the sufficiency of the petition, we rejected the accused's argument that a laboratory report is required to establish a prima facie case of drug possession (*see id.* at 640). This Court also held, in a perfunctory fashion, that the officer's reliance on his experience and training was insufficient to satisfy the prima facie standard (*see id.*). We now revisit this issue.

A "prima facie case requirement is not the same as the burden of proof beyond a reasonable doubt required at trial" (*People v Henderson*, 92 NY2d at 680), nor does it rise to the level of legally sufficient evidence that is necessary to survive a motion to dismiss based on the proof presented at trial (*see* Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 100.40, at 388 [2004 ed]). In the years since *Jahron S.* was decided, we have explained that " '[s]o long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading' " (*People v Konieczny*, 2 NY3d 569, 575 [2004], quoting *People v Casey*, 95 NY2d at 360).

■ These core concerns were clearly satisfied in this case. Defendant was on notice that: (1) he was charged with possessing heroin and marijuana discovered in the car in which he was a backseat passenger at approximately 10:50 P.M. on January 21, 2006 at the corner of Cypress and Myrtle Avenues in Queens;

(2) the heroin was contained in nine separate plastic bags in the center console of the vehicle; and (3) the marijuana was found in a "plastic zip lock bag" inside the center console and a "marijuana pipe containing a quantity of marijuana" was found in the glove compartment. Based on these details, defendant could prepare a defense (e.g., he could attempt to demonstrate an actual lack of knowledge that the drugs were in the car to rebut the statutory presumption in Penal Law § 220.25 [1]). These facts were also specific enough to allow defendant to invoke the protection of double jeopardy in the event that he was acquitted of these charges but later subject to further prosecution. And, accepting the officer's statements as true, the assertions were enough to inform defendant that the substances seized were heroin and marijuana—the officer had been trained to identify those drugs and their packaging, he had experience with narcotics as a law enforcement officer and his observations of the substances, along with the presence of drug paraphernalia, supplied the basis upon which he drew the conclusion that he had discovered heroin and marijuana.

Defendant claims that the officer's allegations present an inadequate foundation for identification of the drugs because the officer did not describe what the substances looked like, nor did he attach a laboratory report indicating that the substances had been tested and found to be heroin and marijuana. We have already rejected the notion that a laboratory report is necessary to set forth a prima facie case and we unanimously adhere to that holding today. And, as detailed previously, the officer in this case presented more in the accusatory instrument than merely stating that he used his experience and training as the foundation in drawing the conclusion that he had discovered illegal drugs. He asserted that he also relied on the packaging of the substance that he determined to be heroin and that the recovery of a marijuana pipe further supported his belief that he had found marijuana.

In our view, the pleading standards of the Criminal Procedure Law would be extended beyond what the Legislature intended if we were to require the recitation of a mandatory catechism in an information that otherwise adequately identifies the particular drug, alleges that the accused possessed that illegal substance, states the officer's familiarity with and training regarding the identification of the drug, provides some information as to why the officer concluded that the substance was a particular type of illegal drug, and supplies sufficient

notice of the charged crime to satisfy the demands of due process and double jeopardy. To the extent *Jahron S.* suggests otherwise, we are modifying that portion of the holding.

Requiring police officers to supply a few additional words describing the appearance of the substance seized would necessitate the adoption of a formulaic recitation. An information charging possession of cocaine, for example, could state that the substance was "white in color" and "powdery," or "off-white" and "rock-like" in appearance, whereas a charge of marijuana possession could be supported by a statement that the substance was "green and leafy." While it may be the safer practice for law enforcement to routinely use these descriptive phrases, unlike our dissenting colleagues, we would not hold that the absence of such phraseology rendered the information in this case jurisdictionally deficient.

We also note that the facts alleged here can be contrasted with the omission that was fatal to the accusatory instrument in *People v Alejandro* (70 NY2d 133 [1987]). The information in that case was defective because there was a failure to plead an entire element of resisting arrest, "that the defendant had resisted an 'authorized' arrest" (*People v Casey*, 95 NY2d at 362 [emphasis omitted], quoting Penal Law § 205.30). Similarly, the information in *People v Jones* (9 NY3d 259 [2007]) was insufficient because it failed to allege an essential element of disorderly conduct—how the defendant had the intent to or recklessly created a risk of causing public annoyance, alarm or inconvenience (*see id.* at 262). The information here, in comparison, adequately stated that the substances seized were heroin and marijuana, and the police officer provided an adequate basis for that conclusion. Since the accusatory instrument sufficiently pleaded each element of the charged crimes, it was not jurisdictionally defective. Consequently, defendant's challenge to the information was forfeited by operation of law upon his entering a guilty plea (*see People v Keizer*, 100 NY2d at 123) and his conviction of criminal possession of a controlled substance in the seventh degree should be reinstated.

Accordingly, the order of the Appellate Term should be reversed and the judgment of Criminal Court reinstated.

Ciparick, J. (dissenting). Because this case is governed by our holding in *Matter of Jahron S.* (79 NY2d 632 [1992]), I disagree with the majority's position that the charging instrument used here was sufficient to meet the prima facie case requirement of an information in a misdemeanor narcotics possession case.

An information is required to give a defendant sufficient notice of the charged crimes for the purpose of preparing a defense and opposing a subsequent prosecution on double jeopardy grounds (*see People v Casey*, 95 NY2d 354, 360 [2000]). It must also contain nonhearsay allegations establishing every element of the offenses charged (*see* CPL 100.40 [1] [c]). We have held that a failure to establish a prima facie case is a jurisdictional defect (*see People v Alejandro*, 70 NY2d 133, 138 [1987]; *People v Jones*, 9 NY3d 259, 262 [2007]) and cannot be forfeited by a plea of guilty. Unless the defendant waives the right to be prosecuted by information and agrees to be charged by a misdemeanor complaint, we evaluate the sufficiency of the charging instrument under the prima facie case standard of an information (*see* CPL 100.10 [4]; 170.65 [1]-[3]; *People v Weinberg*, 34 NY2d 429, 431 [1974]).

In *Jahron S.*, we held that an allegation by an officer identifying a substance as cocaine based upon his training and experience "as a police officer assigned to a special narcotics unit with respect to the appearance, handling and packaging of narcotics and other controlled substances" was insufficient to establish the prima facie element of the existence of a controlled substance (79 NY2d at 634, 637).[1] The charging instrument in *Jahron S.* alleged that a juvenile possessed 33 vials of cocaine in crack form (*see id.* at 634). We declined to require the filing of a laboratory report as "always necessary" to establishing a prima facie case because, we noted, in some circumstances a deposition providing the "personal knowledge" and "expertness" of the officer might meet the prima facie standard for a case involving possession of a controlled substance (*see id.* at 640).

Here, the charging instrument—a misdemeanor complaint—alleges that defendant, who was seated in a rear passenger seat of a car, and two others seated in the front, collectively possessed heroin and marijuana. The officer allegedly recovered nine plastic bags containing heroin and one plastic ziplock bag containing a quantity of marijuana from the center console of the vehicle and a pipe containing a quantity of marijuana from the glove compartment. The instrument states that the substances were heroin and marijuana based solely upon the officer's "experience as a police officer as well as

---

**1.** The charging instrument in *Jahron S.* was a Family Court petition; however, we made clear that both Family Court petitions and local criminal court informations must meet the same prima facie standard (*see* 79 NY2d at 639).

training in the identification and packaging of controlled substances and marijuana''—in purely conclusory language and stating no further details. Neither was a laboratory report nor a field test filed along with the misdemeanor complaint. Defendant pleaded guilty to the heroin charge, criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03),[2] without Criminal Court first obtaining a waiver of the right to be prosecuted by information.

Since the same prima facie standard applies to both Family Court petitions and criminal court informations, there is simply no reason why the result in *Jahron S.* should not be controlling here. In each case, the petition or the information serves as the sole instrument of prosecution and, in both, the allegations must be sufficient to establish a prima facie case. Here, defendant pleaded guilty to the highest count of the misdemeanor complaint without waiving the right to be prosecuted by information. The misdemeanor complaint must thus be evaluated under the standard applicable to an information. Applying this higher standard requires that the information on its face establish a prima facie case. This requirement has been long settled and has been consistently applied without a problem for decades (*see e.g. Jones*, 9 NY3d at 261-262; *Casey*, 95 NY2d at 365-367; *Alejandro*, 70 NY2d at 136-137; *see also People v Dumas*, 68 NY2d 729, 731 [1986]).

By holding that the charging instrument here is sufficient to allow a defendant to plead thereunder, and in effect overruling *Jahron S.*, the majority brushes aside the protections that must be afforded to misdemeanor defendants to ensure that such prosecutions do not become routinized or treated as insignificant or unimportant. No undue burden will fall upon the People if they are required to expand the description of the drugs and packaging or provide specific information as to an officer's training and experience. Nor will the trial courts be unduly burdened by requiring that a defendant specifically waive prosecution by information, thus avoiding the stricter jurisdictional defect standard.

Thus, I conclude that the charging instrument here is insufficient to establish a prima facie case and the order of the Appellate Term reversing the Criminal Court conviction should be affirmed.

---

**2.** The complaint likewise charged defendant with the offense of marijuana possession—a violation.

Judges READ, SMITH and PIGOTT concur with Judge GRAFFEO; Judge CIPARICK dissents and votes to affirm in a separate opinion in which Chief Judge LIPPMAN and Judge JONES concur.

Order reversed, etc.