OPINION OF THE COURT
Frank P. Ñervo, J.
Defendant moves to dismiss the information as facially insufficient, for the suppression of identification testimony and for discovery and a bill of particulars.
Defendant is charged with a violation of Alcoholic Beverage Control Law § 100 (1), sale of an alcoholic beverage without a license.
The information alleges that the informant, an undercover officer, approached codefendant Polo “and asked, ‘Yo, you got that nutty [?],’ which informant knew to be a nutcracker drink, an alcoholic beverage consisting of fruit punch mixed with alcohol.” After two other individuals approached Polo seeking to purchase the beverage, Polo directed the informant to another individual, codefendant Tirado. The informant told Tirado, “Yo let me get half.” Tirado inquired, “You want the red one?” Tirado made a cell phone call during which he conveyed the informant’s purchase order. The instant defendant then approached the informant, Polo and Tirado and stated to Polo, “Look in the bags before you give them to people.” The informant then gave Tirado $25 and received a bag containing two large containers. The informant knew that nutcracker was in the containers.
The information alleges that defendants were not displaying a license to sell alcoholic beverages.
Defendant argues that the allegation that the informant received nutcracker is a legal conclusion without evidentiary facts. He asserts that there is no allegation that the informant “had training, if he smelled the drink, or if he tasted the drink.” Defendant does not argue that a laboratory report is necessary to make the information legally sufficient.
The People’s affirmation in opposition makes no reference to the facts of the case and does not make any specific rebüttal to defendant’s argument. Instead, it makes the general argument that, despite being awkwardly drawn, an information is sufficient if it charges an offense and states that the acts an accused committed constitute that offense.
In People v Kalin (12 NY3d 225 [2009]), the Court of Appeals, citing People v Dumas (68 NY2d 729, 731 [1986]), wrote that *704 “[standing alone, a conclusory statement that a substance seized from a defendant was a particular type of controlled substance” is not legally sufficient. (12 NY3d at 229.) In dicta, the Court noted that an information is factually sufficient if the allegations establish the arresting officer’s belief that the substance seized was illegal because the accused made a statement identifying the drug. (Id.) In the instant case, the factual allegations reveal that the defendants, by their words and actions, gave the officer the belief that he was purchasing an alcoholic beverage from them.
According to the information, the informant knew what nutcracker, or nutty, is. He knew it is alcohol and fruit punch. He asked for the substance by name and defendants sold it to him. Thus, the defendants themselves acknowledged that they were illegally selling the identifiable alcoholic concoction. The defendant’s acts and words, all alleged in the information, establish probable cause for the arrest and articulate the elements of a of violation of Alcoholic Beverage Control Law § 100 (1). Therefore, the information is legally sufficient and this branch of defendant’s motion is denied.
The People have served a bill of particulars and have furnished all the discovery defendant is entitled to at this stage of the prosecution; therefore, this branch of his motion is denied. However, this denial is without prejudice to his application for prior statements of the People’s witnesses and for police reports at the time of trial.
The branch of defendant’s motion seeking to suppress identification testimony is granted to the extent that the trial court shall conduct a Wade/Dunaway hearing prior to trial.
Accordingly, it is ordered that defendant’s motion is granted to the extent indicated and otherwise denied.