OPINION OF THE COURT
Stephen D. Aronson, J.
In this prosecution for driving while intoxicated (DWI), it is held that after a defective supporting deposition is served, the People’s statements of readiness are illusory when the defendant files a motion to dismiss the accusatory instrument.
The defendant was charged by a simplified traffic information with driving while intoxicated as a misdemeanor. The People served a supporting deposition that was unverified and therefore defective pursuant to CPL 100.40 (1) (c) and 100.15 (3). The defendant moved the local criminal court to dismiss the simplified traffic information on the grounds that the supporting deposition was unverified. Prior to the decision on this motion, the People became concerned about timeliness issues and presented the case to a grand jury, and the defendant was indicted for misdemeanor driving while intoxicated.
The defendant now moves to dismiss the indictment on the grounds that the defendant’s CPL 30.30 rights have been violated. The defendant contends, in words or substance, that the People cannot declare readiness for trial based on the accusatory instrument used in the local criminal court because it was jurisdictionally defective (i.e., no signature on the supporting deposition and no allegations as to operation of a motor vehicle). The defendant characterizes the presentation of the case to a grand jury as “forum shopping,” saying it was done in order to get a valid accusatory instrument and because the People were about to get an unfavorable decision in the lower criminal court. The defendant contends that the People did not have a jurisdictionally valid accusatory instrument until the arraignment on the indictment on December 10, 2013—more than 90 days after the arraignment in the local criminal court. The People contend, in words or substance, that the defendant’s speedy trial rights have not been violated; most of the time was chargeable to the defense; and the case was presented to a grand jury only after the defendant would not waive CPL 30.30 time following a defense request for the court to consider a case in support of defendant’s motion to dismiss the accusatory instrument.
*291 Whether the People have satisfied their CPL 30.30 readiness obligation is generally calculated by computing the time elapsed between the filing of the first accusatory instrument and the People’s declaration of readiness, subtracting any periods of delay that are excludable under the statutory provisions and then adding to the result any post-readiness periods of delay that are attributable to the People and are ineligible for an exclusion (People v Cortes, 80 NY2d 201, 208 [1992]). CPL 30.30 (1) (b) provides that a motion to dismiss made pursuant to CPL 170.30 (1) (e) must be granted when the People are not ready for trial within “ninety days of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a misdemeanor . . . .”
The start date for determining the defendant’s CPL 30.30 rights is the day the defendant was arraigned by a uniform traffic ticket on a charge of driving while intoxicated (CPL 30.30 [5] [b]). At arraignment on August 17, 2013, the defendant requested an opportunity to speak with an attorney; the case was adjourned to August 19, 2013. The two-day adjournment period between August 17 and 19, 2013 is excluded and not chargeable to the People (CPL 30.30 [4] [f]).
On August 19, 2013, the defendant appeared with the Assistant Public Defender and requested an opportunity to apply for public defender assistance. The defendant’s attorney requested a pretrial release report, the prosecutor announced readiness for trial, and the case was adjourned to August 21, 2013. The two-day adjournment period between August 19 and 21, 2013 is excluded and not chargeable to the People (CPL 30.30 [4] [f]).
On August 21, 2013, the defendant appeared with assigned counsel, who indicated that the Public Defender’s office would be representing the defendant and requested that bail be lowered. The prosecutor then served what he described on the record as a “DWI supporting deposition and bill of particulars.” The defense attorney requested an adjournment to September 18, 2013 for discovery and motions. This 28-day adjournment between August 21 and September 18, 2013 is excluded and not chargeable to the People (CPL 30.30 [4] [b]).
On September 18, 2013, the defendant appeared with assigned counsel, who requested an adjournment to September 27, 2013. This nine-day adjournment between September 18 and 27, 2013 is excluded and not chargeable to the People (CPL 30.30 [4] [b]).
On September 30, 2013, the Court Clerk received a letter (dated Sept. 27, 2013) from defendant’s retained attorney, *292 substituting as defense counsel and requesting an adjournment for motions to October 28, 2013. Under normal circumstances, this 31-day adjournment between September 27 and October 28, 2013 would be excluded and not chargeable to the People (CPL 30.30 [4] [b]).
However, on October 7, 2013, the defendant filed a motion in the lower criminal court, seeking a dismissal of the accusatory instrument on the grounds that the gratuitously served, unsigned supporting deposition was jurisdictionally defective. The defendant contended that the People’s statements of readiness were illusory because there was no valid accusatory instrument. On October 17, 2013, the People responded to the motion by contending the unsigned form gratuitously served was not a supporting deposition and announced readiness for trial. The People contended that the arresting officer did not check the box in the upper right corner of the form delineating the form as a supporting deposition, and the arresting officer simply did not sign the form. The court finds this contention to be disingenuous because this form (which the prosecutor contends is not a supporting deposition) was served in court by the prosecutor and described as a supporting deposition and was attached to the People’s reply (dated Oct. 15, 2013). This form has been used in hundreds of DWI prosecutions in Ontario County criminal courts for at least two decades. While the decision on the motion in local criminal court was pending, the case was presented to an Ontario County grand jury.
The defendant now urges that the time from the People’s gratuitous service of the unsigned supporting deposition should be chargeable to the People. The defendant contends that any statement of readiness where the accusatory instrument is defective is illusory. The People respond that the document was not a supporting deposition, and there was no demand for a supporting deposition. The defendant was indicted on November 12, 2013. The defendant now contends that the People did not have a jurisdictionally valid accusatory instrument until the arraignment on the indictment on December 10, 2013—more than 90 days after the arraignment in the local criminal court.
A statement of readiness at a time when the People are not actually ready is illusory and insufficient to stop the running of the speedy trial clock (see People v Cole, 73 NY2d 957, 958 [1989]; People v England, 84 NY2d 1 [1994] [statement of readiness was illusory until arraignment on indictment]). Trial readiness in CPL 30.30 means both a communication of readiness by *293 the People on the record and an indication of present readiness (see People v Kendzia, 64 NY2d 331, 337 [1985]).
A valid information is a jurisdictional requirement for a misdemeanor prosecution (CPL 100.10 [4]; People v Kalin, 12 NY3d 225 [2009]; People v Dumay, 23 NY3d 518 [June 5, 2014]). A misdemeanor information must set forth nonhearsay allegations which, if true, establish every element of the offense charged and the defendant’s commission thereof (People v Dumay). The Court of Appeals has called this “the prima facie case requirement” (People v Kalin, 12 NY3d at 229 [internal quotation marks omitted]). Unless waived, a valid information is a jurisdictional requirement for a misdemeanor prosecution (see CPL 100.10 [4]; Kalin, 12 NY3d at 228; Dumay, 23 NY3d at 522).
The presence of hearsay in an accusatory instrument filed in a misdemeanor case is not a jurisdictional defect and can be waived by the failure to bring it to the court’s attention prior to the commencement of trial (People v Casey, 95 NY2d 354, 362-367 [2000]). In other words, the presence of hearsay in a misdemeanor accusatory instrument does not pose a jurisdictional problem, and an assertion of readiness by the People may be valid so long as the defendant does not interpose an objection.
Similarly, in this case, an assertion of readiness by the People may be valid so long as the defendant does not interpose an objection to the unverified supporting deposition. However, when the defendant moved to dismiss the information, any statement of readiness that followed would be illusory if the information is determined to be jurisdictionally defective. Here, the defendant filed his motion to dismiss on October 7, 2013, and the defendant was indicted on November 12, 2013. This 36-day period between October 7 and November 12, 2013 is therefore chargeable to the People.
The only other time chargeable to the People would be attributed to the delay in providing grand jury minutes. The defendant moved for inspection of grand jury minutes on December 18, 2013. The grand jury minutes were produced on February 7, 2014. The People are generally allowed to exclude 36 days as a reasonable period for production of grand jury minutes (People v Harris, 82 NY2d 409 [1993]; People v Roscoe, 210 AD2d 1003 [4th Dept 1994]). January 23, 2014 is 36 days from the defendant’s motion seeking grand jury minutes. Therefore, the 15-day period from January 23 to February 7, 2014 is chargeable to the People (Harris; Roscoe).
*294 Thus, the People are chargeable with only 51 days of time, and the motion to dismiss on speedy trial grounds is hereby denied.