The People of the State of New York, Respondent, 
against
Robert Batts, Appellant.



Appeal from a judgment of the Criminal Court of the City of New York, Richmond County (Alan J. Meyer, J.), rendered August 20, 2013. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the seventh degree.




ORDERED that the judgment of conviction is affirmed.
Defendant's contention on appeal that the misdemeanor complaint was not properly converted to an information was forfeited by his express waiver, through his counsel, upon his entering a guilty plea to criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), of his right to be prosecuted by information (see CPL 170.65 [3]; People v Dumay, 23 NY3d 518, 522-523 [2014]). Consequently, the accusatory instrument's legal sufficiency must be evaluated under the standards which govern that of a misdemeanor complaint (see Dumay, 23 NY3d at 524). A misdemeanor complaint is sufficient on its face when it alleges facts of an evidentiary character supporting or tending to support the charge (see CPL 100.15 [3]) and provides reasonable cause to believe that the defendant committed the crime charged (see CPL 100.40 [4] [b]; People v Dumas, 68 NY2d 729, 731 [1986]). Such a challenge to the facial sufficiency of the instrument raises a jurisdictional issue, and so it is not forfeited by a defendant's guilty plea (see People v Dreyden, 15 NY3d 100, 103 [2010]; People v Konieczny, 2 NY3d 569, 573 [2004]). Moreover, so long as the factual allegations of an accusatory instrument provide an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading (see Dreyden, 15 NY3d at 103; Konieczny, 2 NY3d at 576; People v Casey, 95 NY2d 354, 360 [2000]).
Pursuant to Penal Law § 220.03, "[a] person is guilty of criminal possession of a controlled substance in the seventh degree when he or she knowingly and unlawfully possesses a controlled substance." Standing alone, a conclusory statement that a substance seized from a defendant was a particular type of controlled substance does not meet the reasonable cause requirement (see Dumas, 68 NY2d at 731). However, a laboratory report is not required to accompany an accusatory instrument charging a defendant with criminal possession of a controlled substance in the seventh degree for it to be facially sufficient (see People v Kalin, 12 NY3d 225, 231 [2009]; Matter of Jahron S., 79 NY2d 632, 640 [1992]; People v Pearson, 78 AD3d 445 [2010]; People v Price, 49 Misc 3d 130[A], 2015 NY Slip Op 51415[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Rather, an accusatory instrument charging [*2]possession of a controlled substance can be sufficient so long as the factual allegations therein, together with any supporting depositions which may accompany it, establish the basis of the arresting officer's belief that the substance seized was a particular type of controlled substance (see Kalin, 12 NY3d at 229; Dumas, 68 NY2d at 731). 
Here, we find that the accusatory instrument, together with the supporting deposition that accompanied it, not only identified the particular controlled substance defendant allegedly possessed, but also stated, based on the arresting officer's familiarity and training in the identification of controlled substances, and based upon her experience having made prior arrests for the possession of cocaine, how and why the officer had concluded that the substance recovered was cocaine (see People v Allen, 50 Misc 3d 131[A], 2015 NY Slip Op 51933[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; People v Bracy, 31 Misc 3d 130[A], 2011 NY Slip Op 50577[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). These sworn allegations by the arresting officer sufficiently established the basis for her belief that defendant had been in possession of cocaine, a controlled substance (see People v Jennings, 34 Misc 3d 137[A], 2011 NY Slip Op 52407[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; People v Collins, 23 Misc 3d 138[A], 2009 NY Slip Op 50914[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]). Consequently, the accusatory instrument was facially sufficient (see Bracy, 31 Misc 3d 130[A], 2011 NY Slip Op 50577[U]). 
Accordingly, the judgment of conviction is affirmed.
Elliot, J.P., Pesce and Aliotta, JJ., concur.
Decision Date: November 28, 2016