The People of the State of New York, Respondent, 
against
Jose Rodriguez, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Laurie Peterson, J.), rendered July 16, 2015, convicting him, upon a plea of guilty, of possession of synthetic cannabinoids, and imposing sentence.




Per Curiam.
Judgment of conviction (Laurie Peterson, J.), rendered July 16, 2015, affirmed.
In view of defendant's knowing waiver of the right to be prosecuted by an information, the accusatory instrument only had to satisfy the reasonable cause requirement (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument was jurisdictionally valid, since it established reasonable cause to believe that defendant was guilty of possessing synthetic cannabinoids (see 10 NYCRR 9.2), by alleging, inter alia, that at a specified time and location, the arresting officer recovered two bags of synthetic marijuana from defendant's hand, and that the officer "examined" the substance and concluded that it was synthetic marijuana "based on [his] professional training as a police officer in the identification of synthetic marijuana, and [his] prior experience as a police officer making arrests involving synthetic marijuana" (see People v Kalin, 12 NY3d 225, 231-232 [2009]; People v Dumas, 68 NY2d 729 [1986]). No additional evidentiary details were required for the People's pleading to provide "adequate notice to enable defendant to prepare a defense and invoke his protection against double jeopardy" (People v Kasse, 22 NY3d 1142, 1143 [2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur 
Decision Date: December 29, 2016