The People of the State of New York, Respondent, 
against
Lee Brewer, etc., Appellant.




New York City Legal Aid Society (Cheryl Williams, Esq.), for appellant.
District Attorney Queens County (John M. Castellano, Johnnette Traill, Jeanette Lifschitz, John F. McGoldrick of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Elisa S. Koenderman, J.), rendered August 27, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the seventh degree.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged in an accusatory instrument with criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03) and subsequently pleaded guilty to that charge, after the court had informed defendant of the rights he was waiving by pleading guilty and defendant had waived prosecution by information. The court sentenced defendant to a term of 10 days of incarceration.
On appeal, defendant contends that the allegation in the accusatory instrument, that defendant possessed crack cocaine residue, was unsupported, insufficient, and conclusory, as the officer offered nothing to explain how he had determined that defendant had possessed crack cocaine residue. Instead, the officer reached his conclusion about the nature of the substance recovered based on its placement within a glass pipe and unduly relied on his training and experience in the identification and packaging of controlled substances. Defendant argues that neither in the accusatory instrument nor in the supporting deposition did the officer describe the appearance and characteristics of the crack cocaine residue he allegedly saw. 
Since defendant waived prosecution by information, the accusatory instrument, contrary to defendant's contention, must be evaluated in accordance with the jurisdictional standards for the sufficiency of a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 521-524 [2014]). The factual part of a misdemeanor complaint must allege "facts of an evidentiary character supporting or tending to support the charges" (CPL 100.15 [3]), and must establish [*2]"reasonable cause" to believe that the defendant committed the offense charged (CPL 100.40 [4] [b]; see People v Kalin, 12 NY3d 225, 228 [2009]). In this case, the factual part of the accusatory instrument, together with the supporting deposition, contained sufficient allegations to meet these requirements. The accusatory instrument alleged that the officer had observed defendant "in possession of crack/cocaine residue on a pipe/stem," based upon his "experience as a police officer and training in the packaging and identification of controlled substances and marijuana." The officer's supporting deposition contained checked boxes indicating that the officer believed the substance recovered was crack cocaine based on his "professional training as a police officer in the identification of drugs," his "prior experience as a police officer in drug arrests," and his "observations of the packaging which is characteristic of this type of drug." 
Defendant's claim that more is required is without merit. In People v Smalls (26 NY3d 1064, 1067 [2015]), the Court of Appeals stated that, in Kalin, the Court had held that "the information was facially sufficient notwithstanding the absence of a lab report or a description of the appearance of the drugs themselves" (emphasis added). The Court of Appeals in Kalin, a case involving an information rather than a complaint such as involved in the case at bar, rejected a claim virtually identical to defendant's:
"In our view, the leading standards of the Criminal Procedure Law would be extended beyond what the Legislature intended if we were to require the recitation of a mandatory catechism in an information that otherwise adequately identifies the particular drug, alleges that the accused possessed that illegal substance, states the officer's familiarity with and training regarding the identification of the drug, provides some information as to why the officer concluded that the substance was a particular type of illegal drug, and supplies sufficient notice of the charged crime to satisfy the demands of due process and double jeopardy. To the extent [Matter of] Jahron S. [79 NY2d 632 (1992)] suggests otherwise, we are modifying that portion of the holding.
Requiring police officers to supply a few additional words describing the appearance of the substance seized would necessitate the adoption of a formulaic recitation. An information charging possession of cocaine, for example, could state that the substance was white in color' and powdery,' or off-white' and rock-like' in appearance, whereas a charge of marijuana possession could be supported by a statement that the substance was green and leafy.' While it may be the safer practice for law enforcement to routinely use these descriptive phrases, unlike our dissenting colleagues, we would not
hold that the absence of such phraseology rendered the information in this case jurisdictionally deficient."
(People v Kalin, 12 NY3d at 231-232; see also People v Jennings, 22 NY3d 1001, 1002 [2013] [involving an information]; People v Batts, 53 Misc 3d 153[A], 2016 NY Slip Op 51729[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016] [misdemeanor complaint charging the defendant with criminal possession of a controlled substance in the seventh degree was facially sufficient]). Here, the accusatory instrument, together with the supporting deposition, contained the precise allegations required for a complaint to be jurisdictionally sufficient (see People v Batts, 53 Misc 3d 153[A], 2016 NY Slip Op 51729[U]).
Accordingly, the judgment of conviction is affirmed.
Pesce, P.J., Weston and Aliotta, JJ., concur.
Decision Date: June 02, 2017