The People of the State of New York, Respondent,
against
Quran Neischer, Appellant. 




New York City Legal Aid Society (Adrienne Gantt of counsel), for appellant.
Richmond County District Attorney (Morrie I. Kleinbart and Alexander Fumelli of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Richmond County (Raymond Rodriguez, J.), rendered April 7, 2017. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the seventh degree, based on possession of cocaine, and imposed sentence.




ORDERED that the judgment of conviction is reversed, on the law, the guilty plea is vacated, the count of the accusatory instrument alleging criminal possession of a controlled substance in the seventh degree, based on possession of cocaine, is dismissed, the fine imposed thereon, if paid, is remitted, the remaining counts of the accusatory instrument are reinstated and the matter is remitted to the Criminal Court for all further proceedings thereon.
On April 7, 2017, the People charged defendant, in an information, with three counts of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03) and with unlawful possession of marihuana (Penal Law § 221.05). The criminal possession of a controlled substance counts were based on the alleged possession of heroin, buprenorphine, and cocaine, respectively. Later that same day, pursuant to a negotiated plea and sentencing agreement, defendant pleaded guilty to one count of criminal possession of a controlled substance in the seventh degree, based on his possession of cocaine, in satisfaction of the accusatory instrument. Defendant now challenges the facial sufficiency of the count to which he pleaded.
A " 'valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution' " (People v Afilal, 26 NY3d 1050, 1051 [2015], quoting People v Case, 42 NY2d 98, 99 [1977]), and the right to challenge an instrument as jurisdictionally insufficient is not forfeited by a guilty plea (see People v Dreyden, 15 NY3d 100, 103 [2010]). As defendant [*2]waived his right to be prosecuted by information, the accusatory instrument's legal sufficiency is evaluated under the standards applicable to a misdemeanor complaint (see CPL 170.65 [3]; People v Aragon, 28 NY3d 125, 127 [2016]).
A misdemeanor complaint is facially sufficient when it alleges facts of an evidentiary character supporting or tending to support the charge (see CPL 100.15 [3]), and provides reasonable cause to believe that the defendant committed the crime charged (see CPL 100.40 [4] [b]; People v Dumas, 68 NY2d 729, 731 [1986]; People v Vargas, 55 Misc 3d 136[A], 2017 NY Slip Op 50501[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). The factual allegations in a misdemeanor complaint are sufficient if they provide the defendant with " 'sufficient notice of the charged crime[s] to satisfy the demands of due process and double jeopardy' " (People v Dumay, 23 NY3d 518, 524 [2014], quoting People v Dreyden, 15 NY3d at 103). " 'Reasonable cause to believe that a person has committed an offense' exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it" (CPL 70.10 [2]; see e.g. People v White, 51 Misc 3d 137[A], 2016 NY Slip Op 50574[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2016]). Our factual review is limited to the four corners of the accusatory instrument along with any supporting depositions "which may accompany it" (CPL 100.40 [4] [b]; see generally People v Thomas, 4 NY3d 143, 146 [2005]).
The factual allegations of an accusatory instrument charging a controlled substance "must establish the basis of the arresting officer's belief that the substance seized was . . . illegal" (People v Kalin, 12 NY3d 225, 229 [2009]). Here, no facts were stated as to the physical characteristics of the substance alleged to be a cocaine residue and no laboratory test result was annexed to the accusatory instrument. While the absence of a "formulaic recitation" of a substance's appearance is not fatal to an accusatory instrument (People v Kalin, 12 NY3d at 232), there must be facts asserted sufficient to establish the basis of the officer's knowledge of the presence of a controlled substance, for example, the officer's training and experience in the recognition and packaging of the controlled substance and that the substance was observed in a characteristic packaging or with an instrumentality associated with the controlled substance that would leave a recognizable residue (see e.g. People v Lakins, 63 Misc 3d 51 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; People v Battle, 62 Misc 3d 151[A], 2019 NY Slip Op 50296[U], *1 [App Term, 1st Dept 2019]). The cocaine identification herein, by an officer who claimed to have training and experience in the identification and packaging of cocaine, made no reference to any packaging associated with the cocaine residue purportedly observed. The accusatory instrument is therefore insufficient, notwithstanding the officer's general claims as to his training and experience with the identification and packaging of cocaine (see People v Kalin, 12 NY3d at 230). 
Accordingly, the judgment of conviction is reversed, the guilty plea is vacated, the count alleging the criminal possession of a controlled substance in the seventh degree, based on possession of cocaine, is dismissed, and the remaining, unchallenged counts of the accusatory instrument are reinstated (see CPL 470.55 [2]; People v Dumas, 23 NY3d 518 [2014]; People v Mason, 62 Misc 3d 75, 78 n 2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]).
ALIOTTA, J.P., PESCE and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 23, 2019