The People of the State of New York, Respondent, 
against
Malik Miller, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Suzanne J. Adams, J.), rendered August 28, 2018, convicting him, upon a plea of guilty, of criminal possession of a controlled substance in the seventh degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Suzanne J. Adams, J.), rendered August 28, 2018, affirmed.
In view of defendant's knowing waiver of the right to be prosecuted by an information, the accusatory instrument only had to satisfy the reasonable cause requirement (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument was jurisdictionally valid, since it set forth facts that establish reasonable cause to believe that defendant was guilty of seventh-degree criminal possession of a controlled substance (see Penal Law § 220.03). The instrument alleges, inter alia, that at a specified time and location, the police recovered synthetic marijuana cigarettes from defendant, and that the officer "examined" them and concluded that they contained synthetic marijuana "based on [his] professional training as a police officer in the identification of drugs, [his] prior experience as a police officer making drug arrests, the odor emanating from the substances, and [his] observation of the packaging, which is characteristic of this type of drug" (see People v Kalin, 12 NY3d 225, 231-232 [2009]; People v Dumas, 68 NY2d 729 [1986]). No additional evidentiary details were required for the People's pleading to provide adequate notice to enable defendant to prepare a defense and invoke his protection against double jeopardy (see People v Smalls, 26 NY3d 1064 [2015]; People v Kalin, 12 NY3d at 231-232; see also People v Thiam, __ NY3d __, 2019 NY Slip Op 07712 [2019, DiFiore, Ch. J., concurring]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: December 13, 2019