# State of New York
# Court of Appeals

MEMORANDUM

This memorandum is uncorrected and subject to revision before publication in the New York Reports.

No. 24
The People &c.,
   Respondent,
  v.
Donna Middleton,
   Appellant.

Mark M. Baker, for appellant.
Lauren D. Konsul, for respondent.

MEMORANDUM:

The order of County Court should be affirmed.

Defendant was charged by information with one count of official misconduct pursuant to Penal Law § 195.00. As relevant here, that statute provides that a public servant

is guilty of official misconduct when, "with intent to obtain a benefit or deprive another person of a benefit[, the public servant] commits an act relating to [the public servant's] office but constituting an unauthorized exercise of [the public servant's] official functions, knowing that such act is unauthorized" (id. § 195.00 [1]). Thus, "[i]n order to be guilty of official misconduct for malfeasance a defendant (1) must commit an act that constitutes an unauthorized exercise of [the defendant's] official functions, (2) knowing that the act is unauthorized, (3) with the intent to obtain a benefit or deprive another of a benefit" (People v Flanagan, 28 NY3d 644, 657 [2017]).

Contrary to defendant's contentions, the information was not jurisdictionally defective. The information was jurisdictionally valid because it contained "nonconclusory factual allegations that, if assumed to be true, address[ed] each element of the crime charged, thereby affording reasonable cause to believe that defendant committed that offense" (People v Matthew P., 26 NY3d 332, 335-336 [2015] [internal quotation marks omitted]; see People v Kalin, 12 NY3d 225, 228-229 [2009]).

The information alleged that on March 25, 2015, while working as an alcohol and substance abuse treatment program aide at Great Meadows Correctional Facility, defendant disclosed information to an inmate regarding an "unusual incident" that occurred at the facility on March 9, 2015, in violation of the employee manual that defendant signed on May 28, 2013. If true, those factual allegations establish both that defendant committed an act relating to her office but constituting an unauthorized exercise of her official functions, and that defendant knew that the disclosure to the inmate was unauthorized (see Penal Law § 195.00 [1]). Defendant's statement to police, attached to the information as a supporting

deposition (see CPL 100.40 [1] [b], [c]), also contained defendant's admission that she printed paperwork regarding the unusual incident on a facility computer, which paperwork the inmate then took to his cell. The information, supported by defendant's admissions in her statement to police, sufficiently alleged that defendant knowingly left those documents in a place where they could be accessed by an inmate who defendant knew was not authorized to receive them.

With respect to the third element—that defendant must act with the intent to obtain a benefit or deprive another of a benefit—defendant's intent may be reasonably inferred from her conduct and the surrounding circumstances (see People v Hatton, 26 NY3d 364, 370 [2015]). As explained, the information, with defendant's statement attached as a supporting deposition, sufficiently alleged that defendant disclosed information to an inmate that the inmate was not authorized to have, and that defendant knew that this disclosure was unauthorized. From those allegations, coupled with defendant's admissions in her statement regarding inappropriate contact with and favors conducted for inmates involved in the unusual incident and the disclosure, one can reasonably infer that defendant committed the unauthorized disclosure with the intent to benefit herself or the inmates involved. Notably, a "benefit" is defined as "any gain or advantage to the beneficiary and includes any gain or advantage to a third person pursuant to the desire or consent of the beneficiary" (Penal Law § 10.00 [17]). In this case, the People were not required to specify in the information whether defendant intended to benefit herself or the inmates, because either or both would satisfy this element of the statute and both theories are supported by defendant's statement to police (see generally People v Charles, 61 NY2d 321, 327-328

[1984]).

Defendant's remaining arguments are not jurisdictional challenges to the sufficiency of the information and are forfeited by defendant's guilty plea (see Kalin, 12 NY3d at 229 n 2; People v Casey, 95 NY2d 354, 367 [2000]).

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Order affirmed, in a memorandum. Chief Judge DiFiore and Judges Rivera, Stein, Fahey, Garcia, Wilson and Feinman concur.

Decided April 30, 2020