People v Kong (2021 NY Slip Op 50044(U))

[*1]

People v Kong (James)

2021 NY Slip Op 50044(U) [70 Misc 3d 136(A)]

Decided on January 22, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 22, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Higgitt, McShan, JJ.

20-064

The People of the State of New 
 York, Respondent,
against
James Kong, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (James G. Clynes, J.), rendered June 13, 2019, convicting him, upon his plea of
guilty, of possession of synthetic phenethylamines and synthetic cannabinoids, and imposing
sentence.

Per Curiam.
Judgment of conviction (James G. Clynes, J.), rendered June 13, 2019, affirmed.
In view of defendant's knowing waiver of the right to prosecution by information, the
accusatory instrument only had to satisfy the reasonable cause requirement (see People v Dumay, 23 NY3d
518, 522 [2014]). So viewed, the accusatory instrument was jurisdictionally valid, since it
established reasonable cause to believe that defendant was guilty of possessing synthetic
phenethylamines and synthetic cannabinoids (see 10 NYCRR 9.2, renumbered to 9-1.2),
the charge to which he ultimately pleaded guilty. Contrary to defendant's primary contention on
appeal, the complaint "supplied the basis" (see People v Smalls, 26 NY3d 1064, 1067 [2015], quoting People v Kalin, 12 NY3d 225, 231
[2009]) for the arresting officer's contention that the substance recovered from defendant's pants
pocket and the ground in front of him was synthetic cannabinoids/synthetic phenylamine ("K2").
The instrument recited that the officer had the requisite training and experience in identifying
drugs, and that he reached his conclusion about the nature of the substance based on its
appearance and odor, as well as defendant's statement to the effect that "it's K2" (see People v
Kalin, 12 NY3d at 231-232; People
v Rodriguez, 54 Misc 3d 129[A], 2016 NY Slip Op 51826[U] [App Term, 1st Dept
2016], lv denied 29 NY3d 952 [2017]). No additional evidentiary details were required
for the People's pleading to provide adequate notice to enable defendant to prepare a defense and
invoke his protection against double jeopardy (see People v Kasse, 11 NY3d 1142, 1143
[2014]; see also People v Thiam, 34 NY3d 1040 [2019, DiFiore, Ch. J.,
concurring]).
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: January 22, 2021