People v Lynne (2021 NY Slip Op 51021(U))

[*1]

People v Lynne (Taylor)

2021 NY Slip Op 51021(U) [73 Misc 3d 133(A)]

Decided on October 21, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 21, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, J.P., ELIZABETH H. EMERSON, TIMOTHY S.
DRISCOLL, JJ

2019-25 S CR

The People of the State of New York,
Respondent, 
against
Taylor J. Lynne, Appellant. 

Suffolk County Legal Aid Society (Lisa Marcoccia of counsel), for appellant.
Suffolk County District Attorney (Karla Lato of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, First District (Karen Kerr,
J.), rendered November 28, 2018. The judgment convicted defendant, upon his plea of guilty, of
driving while ability impaired by drugs, and imposed sentence. The appeal brings up for review
an order of that court (Chris Ann Kelly, J.) issued April 25, 2018 denying defendant's motion to
dismiss the accusatory instrument on facial insufficiency grounds.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in an accusatory instrument with driving while ability impaired by
drugs (Vehicle and Traffic Law § 1192 [4]). According to the accusatory instrument, the
complainant police officer alleges,
"based solely upon complainant's personal knowledge [that] . . . defendant did
operate a 1999 Toyota Camry . . . involved in a reported motor vehicle crash into [a] home . . . .
Upon interviewing the defendant, it was observed [by the complainant police officer] that he had
slurred, mumbled speech, and bloodshot, glassy eyes with pinpoint pupils. . . . The defendant
stated, 'I took 90 milligrams of methadone today. But I'm allowed to take it. I also took about 4 or
6 Percocets.' The defendant was arrested and transported to Good Samaritan Hospital, where on
4/05/2018, at 7:05 p.m. he did refuse to submit to an administered blood
test."
At defendant's arraignment, the prosecutor noted, uncontested, that
defendant already had an extensive criminal record, including one felony and 23 misdemeanor
convictions. Subsequently, defendant orally moved to dismiss the accusatory instrument on facial
insufficiency grounds, which motion the District Court (Chris Ann Kelley, J.) denied on April
25, 2018. Defendant thereafter pleaded guilty to driving while ability impaired by drugs in [*2]satisfaction of the instant docket and was later sentenced.
As defendant did not waive his right to be prosecuted by information, the facial sufficiency
of the instrument must be evaluated under the standards applicable to an information (see
CPL 100.10 [1]; 170.65 [1], [3]; People
v Kalin, 12 NY3d 225, 228 [2009]; People v Moore, 48 Misc 3d 143[A], 2015 NY Slip Op 51337[U]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dist 2015]). Consequently, to be facially
sufficient, the accusatory instrument, together with any supporting documents accompanying it or
filed in connection therewith, must set forth nonhearsay allegations that establish, if true, every
element of the offense and defendant's commission thereof (see CPL 100.15 [3]; 100.40
[1]; People v Alejandro, 70 NY2d 133 [1987]; People v Dumas, 68 NY2d 729
[1986]). "[S]o long as the factual allegations of an information give an accused notice sufficient
to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for
the same offense, they should be given a fair and not overly restrictive or technical reading" (People v Ocasio, 28 NY3d 178,
180 [2016] [internal quotation marks omitted]).
Contrary to defendant's assertion, the "operation" element of the charge was not conclusory,
as it was supported by the officer's personal knowledge that defendant drove his vehicle into a
house. Further, according the accusatory instrument "a fair and not overly restrictive reading . . .
construed in the light most favorable to the People" (People v Lopez, 63 Misc 3d 164[A], 2019 NY Slip Op 50941[U],
*2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019] [internal quotation marks
omitted]; see People v Vonancken,
27 Misc 3d 132[A], 2010 NY Slip Op 50695[U], *1 [App Term, 2d Dept, 9th & 10th
Jud Dists 2010]), we find that the clear inference that can be drawn from its allegations is that,
immediately prior to crashing into the house, defendant drove upon a "public highway," which is
statutorily defined as "[a]ny highway, road, street, avenue, alley, public place, public driveway or
any other public way" (Vehicle and Traffic Law § 134; see Vehicle and Traffic Law
§ 1192 [7] ["The provisions of this section shall apply upon public highways"]). Indeed, it
would be patently unreasonable to assume the opposite. Therefore, the District Court (Chris Ann
Kelly, J.) correctly denied defendant's motion to dismiss the accusatory instrument on facial
insufficiency grounds.
Defendant's claim on appeal that the court's explanation of the constitutional rights he was
waiving during the plea colloquy was deficient lacks merit. The court advised defendant that by
his guilty plea, he was waiving his right to go to trial, remain silent, cross-examine witnesses and
require the People to prove his guilt beyond a reasonable doubt (see Boykin v Alabama,
395 US 238 [1969]; People v Tyrell,
22 NY3d 359, 361, 365 [2013]). After "review[ing] the record as a whole and the
circumstances of the plea in its totality" (People v Sougou, 26 NY3d 1052, 1055 [2015]), we are satisfied
that the plea was voluntary, knowing and intelligent, "particularly given this defendant's
background, including his extensive experience with the criminal justice system" (People v Sanders, 25 NY3d 337,
342 [2015]).
Accordingly, the judgment of conviction is affirmed.
GARGUILO, J.P., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 21, 2021