People v Fabara (2022 NY Slip Op 50263(U))

[*1]

People v Fabara (Alfredo)

2022 NY Slip Op 50263(U) [74 Misc 3d 133(A)]

Decided on April 13, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 13, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Brigantti, Tisch, JJ.

570660/18

The People of the State of New York,
Respondent,
against
Alfredo Fabara, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Laurie Peterson, J.), rendered July 30, 2018, convicting him, upon his plea of
guilty, of criminal possession of a controlled substance in the seventh degree, and imposing
sentence.

Per Curiam.
Judgment of conviction (Laurie Peterson, J.), rendered July 30, 2018, affirmed.
In view of defendant's knowing waiver of the right to prosecution by information, the
underlying accusatory instrument only had to satisfy the reasonable cause requirement of a
misdemeanor complaint (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed,
the complaint charging the added count of criminal possession of a controlled substance in the
seventh degree (see Penal Law § 220.03) was not jurisdictionally defective. The
complaint "supplied the basis" (People v Smalls, 26 NY3d 1064, 1067 [2015], quoting
People v Kalin, 12 NY3d 225, 231 [2009]) for the undercover officer's contention that the
"clear plastic twist" that defendant handed to the undercover officer contained cocaine. The
instrument recited that the officer believed that the subject substance was cocaine "based upon
[her] professional training as a police officer in the identification of drugs, [her] prior experience
as a police officer making drug arrests, an observation of the packaging, which is characteristic of
this type of drug" (see People v Kalin, 12 NY3d at 231-232), as well as "a laboratory
analysis of the substance which confirmed that the substance" was cocaine.
Contrary to defendant's present contention, the identification of defendant as the perpetrator
was established by the undercover officer identifying defendant by name as his initial contact and
his subsequent personal observation of defendant as the person who gave him cocaine. Any
further challenge to the identification of defendant was a matter to be raised at trial, not by
insistence that the instrument was jurisdictionally defective (see People v Konieczny, 2
NY3d 569, 577 [2004]). 
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: April 13, 2022