People v Thomas (2022 NY Slip Op 50393(U))

[*1]

People v Thomas (Omar)

2022 NY Slip Op 50393(U) [75 Misc 3d 129(A)]

Decided on May 12, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 12, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Brigantti, J.P., Hagler, Michael, JJ.

570318/18

The People of the State of New York,
Respondent,
against
Omar Thomas, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx
County (Steven J. Hornstein, J.), rendered March 15, 2018, convicting him, upon his plea of
guilty, of driving while intoxicated, and imposing sentence.

Per Curiam.
Judgment of conviction (Steven J. Hornstein, J.), rendered March 15, 2018, affirmed.
Since defendant waived prosecution by information, the accusatory instrument is assessed
under the reasonable cause standard applicable to a misdemeanor complaint (see People v
Dumay, 23 NY3d 518, 522 [2014]). So viewed, the instrument charging driving while
intoxicated (see Vehicle and Traffic Law § 1192[3]) was not jurisdictionally defective. The
arresting officer alleged that defendant operated a 2004 Toyota motor vehicle, had bloodshot and
watery eyes, slurred speech, the odor of alcohol on his breath, was unsteady on his feet and
refused to submit to a breath test (see
People v Fiumara, 116 AD3d 421 [2014], lv denied 23 NY3d 1036 [2014]).
These allegations gave defendant sufficient notice to prepare a defense and had detail adequate to
prevent him from being tried twice for the same offense (see People v Kalin, 12 NY3d
225 [2009]). There was no requirement that the accusatory instrument also contain an allegation
of erratic driving (see People v Fiumara, 116 AD3d at 421). 
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: May 12, 2022