OPINION OF THE COURT
Frank M. Mora, J.
Defendant has moved by notice of motion, dated November 4, 2016, seeking various forms of relief supported by the affirmation of John J. Ventosa, Esq., Senior Assistant Public Defender. The People have opposed the motion by “Affirmation in Answer to Defendant’s Omnibus Motion,” dated December 15, *897 2016, of Margaret M. Walker, Esq., Senior Assistant District Attorney. Defendant has filed the reply affirmation of John J. Ventosa, Esq., Senior Assistant Public Defender, dated December 20, 2016, in reply to the People’s opposition and in further support of his motion. Defendant is charged with two counts of criminal possession of a controlled substance in the seventh degree in violation of Penal Law § 220.03, class A misdemeanors, and failure to turn as required in violation of Vehicle and Traffic Law § 1160 (d), a violation. Having duly deliberated on said motion, the answer to same, and the reply, the court hereby finds and determines the motion as follows:
1. That branch of defendant’s motion which seeks an order dismissing the accusatory instruments charging defendant with criminal possession of a controlled substance is granted in part, and denied in part. A misdemeanor complaint is sufficient on its face when it alleges facts of an evidentiary character supporting or tending to support the charges (CPL 100.15 [3]) and provides reasonable cause to believe that the defendant committed the crime charged (CPL 100.40 [4] [b]; see People v Dumas, 68 NY2d 729 [1986]). “[A]n accusatory instrument must be given a reasonable, not overly technical reading.” (People v Konieczny, 2 NY3d 569, 576 [2004].) The use of legally sufficient circumstantial evidence is sufficient to establish elements of an offense. (People v Serrano, 5 Misc 3d 509 [Nassau Dist Ct 2004]; People v Stephens, 177 Misc 2d 819 [Crim Ct, Kings County 1998].) To be facially sufficient an accusatory instrument need only establish a prima facie case and it need not establish guilt beyond a reasonable doubt. (People v Henderson, 92 NY2d 677 [1999]; People v Moncayo, NYLJ, Apr. 10, 1997, at 29, col 4, 1997 NY Misc LEXIS 773 [App Term, 2d Dept, 2d & 11th Jud Dists 1997].)
In order to be facially sufficient, the People must allege facts to support the charge of criminal possession of a controlled substance in the seventh degree with nonhearsay factual allegations establishing reasonable cause to believe that the defendant “knowingly and unlawfully possesses a controlled substance.” (Penal Law § 220.03.)
A. The First Count Charging Criminal Possession of a Controlled Substance in the Seventh Degree
The first count of the complaint charging defendant with criminal possession of a controlled substance in the seventh degree is dismissed as facially insufficient.
*898 The complaint reads as follows:
“On the above mentioned date and time while located in the area of South Ave. and Montgomery St., located in the City of Poughkeepsie, County of Dutchess, State of New York, your defendant, Christian L. Healy, did knowingly and unlawfully possess a controlled substance. Specifically, your defendant was found to be in possession of one round green pill contained in a clear plastic baggie. Said pill was later identified through a pill identification source, drugs.com, as Oxycodone Hydrochloride. Oxycodone Hydrochloride is described as a narcotic analgesics, available by prescription only. Furthermore, your defendant did state that he did purchase said narcotic for personal use.”
Here, the complaint[1] relies upon drugs.com alone. There is not a basic allegation that even establishes the officer’s training and experience, or that the officer relied upon the packaging of the substance to determine what drug it was. (See People v Kalin, 12 NY3d 225 [2009].) There are no factual allegations describing that it was in a particular bottle, or there were markings on the pill, nor does the complaint even state that the officer identified it based upon markings. Indeed, nothing is in the complaint detailing how the officer could identify the pill as oxycodone hydrochloride with the help of drugs.com— even taking defendant’s statement into account. Specifically, there’s nothing in defendant’s statement that identifies the pill as oxycodone hydrochloride—a controlled substance as defined in Penal Law § 220.00 (5).
Moreover, in the instant complaint, there is absolutely nothing setting forth the officer’s training or even his experience to explain how he concluded that the substance was oxycodone hydrochloride. Rather, the officer’s statement is conclusory, averring that the pill was oxycodone hydrochloride based upon nothing other than drugs.com alone. “Standing alone, a conclu-sory statement that [the] substance seized from a defendant was a particular type of controlled substance does not meet the reasonable cause requirement . . . Rather, the factual allegations must establish the basis of the arresting officer’s belief that the substance seized was an illegal drug . . . .” (People v Kalin, 12 NY3d 225, 229 [2009].) In the absence of setting *899 forth the officer’s training and experience, the factual allegations in this accusatory instrument charging defendant with criminal possession of a controlled substance in the seventh degree are insufficient to meet the reasonable cause requirement, and the accusatory instrument is dismissed as facially insufficient. (See People v Watson, 39 Misc 3d 1217[A], 2013 NY Slip Op 50644[U] [Albany City Ct 2013].)
Defendant’s reliance on the Dixon case, however, is misplaced. (People v Dixon, 42 Misc 3d 1228[A], 2014 NY Slip Op 50242[U] [Poughkeepsie City Court 2014].) In Dixon, defendant was an occupant in a vehicle, and charged with criminal possession of marijuana found in the vehicle. There is no legal presumption of possession for all occupants of a vehicle in which marijuana is discovered by the police. (People v Gabbidon, 40 AD3d 776 [2d Dept 2007]; Penal Law § 220.25 [1].) Penal Law § 220.25 (1) only applies to the presence of a controlled substance in an automobile—the precise offense this defendant has been charged with possessing for which the legal presumption applies.
Secondly, defendant’s argument that the complaint is insufficient because there was no field test is unpersuasive as well. In People v Kalin (12 NY3d 225 [2009]) the Court of Appeals overruled Matter of Jahron S. (79 NY2d 632 [1992] [which had held that an information requires more than the officer’s training and experience to be facially sufficient]). The Court in Ka-lin held that an information is facially sufficient despite the fact that there were no allegations that a field test was conducted, no lab report was attached,[2] and there was no description of the drugs or the packaging. (Kalin.) The Criminal Procedure Law does not require
“the recitation of a mandatory catechism in an information that otherwise adequately identifies the particular drug, alleges that the accused possessed that illegal substance, states the officer’s familiarity with and training regarding the identification of the drug, provides some information as to why the *900 officer concluded that the substance was a particular type of illegal drug, and supplies sufficient notice of the charged crime to satisfy the demands of due process and double jeopardy.” (People v Kalin at 231-232.)
As stated hereinabove, the complaint fails to set forth the officer’s familiarity with and training regarding the identification of the drug as a controlled substance.
B. Second Count Charging Criminal Possession of a Controlled Substance in the Seventh Degree
The second count of the complaint charging defendant with criminal possession of a controlled substance in the seventh degree is facially sufficient, and defendant’s motion to dismiss same is denied.
The complaint reads as follows:
“On the above mentioned date and time while located in the area of South Ave. and Montgomery St., located in the City of Poughkeepsie, County of Dutchess, State of New York, your defendant, Christian L. Healy, did knowingly and unlawfully possess a controlled substance. Specifically, your defendant was found to be in possession of eight glassine envelopes containing a tan powderlike substance. Furthermore, your defendant did state that he did purchase said narcotics for another unnamed individual. Said substance did field test positive for the presence of heroin. All contrary to the statu[t]e made and provided. I, PO Raffaele No. 87, have been trained and certified to conduct the . . . Heroin Test .... Based upon my training and experience, the color, consistency, and packaging of the substance, as well as the positive result of the field test, it is my opinion that the substance is heroin.”
As stated hereinabove, defendant’s reliance on Dixon is misplaced. Defendant is charged with criminal possession of a controlled substance in the seventh degree for which a legal presumption of possession in a vehicle does exist.
Moreover, the complaint is supported by nonhearsay allegations sufficiently alleging facts of an evidentiary character supporting or tending to support the charge against this defendant of criminal possession of a controlled substance in the seventh degree. The complaint avers that a field test deter *901 mined the substance in defendant’s possession was heroin, thus establishing the basis for the officer’s arrest of the defendant. The factual allegations in the instant information give this defendant sufficient notice “ ‘to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading.’ ” (People v Kalin, 12 NY3d 225, 230 [2009], citing People v Konieczny, 2 NY3d 569, 575 [2004], quoting People v Casey, 95 NY2d 354, 360 [2000].)
Here, the information is facially sufficient. The complaint sets forth a description of what was recovered (eight glassine envelopes containing a tan powderlike substance), and that the substance did field-test positive for the presence of heroin. Further, the complaint sets forth the drug training and experience of the officer.
2. That branch of defendant’s motion seeking preclusion of statements made by the defendant to law enforcement on the grounds that the People failed to timely file notice pursuant to CPL 710.30 (1) (b) is denied. The People aver that they served timely notice upon the defendant, and that same was acknowledged by defendant in court. (Walker affirmation, dated Dec. 15, 2016, ¶ 17.) Defendant’s reply does not concede receipt of the notice, instead defendant’s reply seeks a Huntley hearing, and same shall be held prior to trial.
3. That branch of defendant’s motion which seeks an order granting suppression of all evidence on the grounds it was obtained in violation of his constitutional rights is denied. However, a Dunaway/Mapp hearing is granted to determine the propriety of the police conduct and if the evidence seized was obtained in violation of defendant’s constitutional rights. Pursuant to CPL 710.60 (1), a suppression motion must contain sworn allegations of fact stating the ground or grounds for the motion. In particular, “[the] allegations may be based upon personal knowledge of the deponent or upon information and belief, provided that in the latter event the sources of such information and the grounds of such belief are stated.” (CPL 710.60 [1].) Here, the attorney’s affirmation avers that the allegations are based upon his own investigation, conversations with Mr. Healy, and official court documents. (Ventosa affirmation, dated Nov. 4, 2016, ¶ 2.) “Hearings are not automatic or generally available for the asking by boilerplate allegation.” (People v Bryant, 8 NY3d 530, 533 [2007], quoting People v Mendoza, 82 NY2d 415, 422 [1993].) In determining whether a *902 hearing should be granted, the factual allegations should be (1) evaluated by the face of the pleadings, (2) assessed in conjunction with the context of the motion, and (3) evaluated by the defendant’s access to information. (Mendoza at 426.) In the absence of sworn allegations of fact, the court may summarily deny the motion. (CPL 710.60 [3].) The factual allegation and legal grounds must be articulated.
Here, defendant has set forth sufficient material facts to warrant a hearing. Mr. Ventosa’s affirmation avers that there was insufficient probable cause to perform a vehicle and traffic stop which led to an illegal search of the defendant’s vehicle and unlawful seizure of evidence. Defendant claims he was unlawfully removed from his vehicle, while officers entered the vehicle and discovered alleged contraband without probable cause to search in the first instance. (Ventosa affirmation, dated Dec. 19, 2016, ¶ 21.) Applying the Mendoza factors, the defendant’s motion seeking a Dunaway/Mapp hearing to determine if evidence was seized in violation of defendant’s state and federal constitutional rights is granted, and same shall be held prior to trial.
4. Defendant’s request for discovery and inspection is granted to the extent there exists any unanswered discovery demands. The People are reminded of their continuing obligation to comply with Criminal Procedure Law § 240.60. Defendant’s request that Rosario be turned over within three days prior to the commencement of any hearing and/or trial relating to this matter is denied. However, the People are reminded of their duty to comply with the strictures of CPL 240.45.
5. Defendant’s request that the People be prohibited from cross-examining defendant at trial on any prior criminal history or bad acts is denied. However, a hearing shall be held immediately prior to trial to determine the admissibility of such evidence prior to trial (People v Sandoval, 34 NY2d 371, 378 [1974]) with the consent of the People. (Walker affirmation, dated Dec. 15, 2016, ¶ 12.) As well, the People are directed to notify defendant prior to said hearing of all specific instances of prior uncharged criminal, vicious, or immoral conduct which the prosecutor intends to offer at trial, and comply with statutory notice requirements pursuant to CPL 240.43.
6. That branch of the defendant’s motion seeking relief pursuant to People v Molineux and an order prohibiting the People from introducing evidence that defendant committed any other crimes on its direct or rebuttal case is rendered moot. The *903 People aver that they do not intend to introduce uncharged bad acts committed by defendant on their direct case at the trial of this matter as evidence in their case-in-chief. (People v Molineux, 168 NY 264 [1901]; Walker affirmation, dated Dec. 15, 2016, ¶ 14.)
7. Defendant’s request for Brady material is granted. The People are directed to provide the defense all material required to be provided pursuant to Brady and its progeny, including material impeachment evidence. (Brady v Maryland, 373 US 83 [1963].)
8. Defendant’s request for leave to file additional motions is granted provided that said motions comport with the strictures of CPL 255.20.

. Defendant was charged with criminal possession of a controlled substance in the seventh degree.

. A lab report is no longer necessary to convert a misdemeanor complaint charging a defendant with possession of marijuana or other narcotics such as heroin or cocaine (People v Kalin, 12 NY3d 225 [2009]; People v Swamp, 84 NY2d 725 [1995]; see also People v Hernandez, 124 Misc 2d 376 [1984]) to sustain the facial sufficiency of an information (People v Paul, 133 Misc 2d 234 [1986]) or to sustain the validity of a superseding information (People v Williams, 8 Misc 3d 1008[A], 2005 NY Slip Op 50997[U] [Watertown City Ct 2005]).