ATCHESON, J., concurring in part and dissenting in part:
I respectfully dissent from that part of the majority opinion finding sufficient evidence to support the conviction of Defendant Anthony Michael Brazzle for possession of oxycodone. The testimony of Riley County Police Officer Andrew Toolin was insufficient to permit a factual finding that beyond a reasonable doubt the pills found in the car were oxycodone or any other controlled substance. For that reason, I would reverse Brazzle's conviction of that crime for insufficient evidence and vacate the concomitant sentence. I otherwise concur in the results the majority reaches on the remaining issues Brazzle has raised on appeal.
In considering a challenge to the sufficiency of the evidence supporting a conviction, we ask whether reasonable jurors could find the elements of the crime proved beyond a reasonable doubt taking the evidence in the best light for the State. State v. McBroom , 299 Kan. 731, 754, 325 P.3d 1174 (2014). By the same token, however, a conviction cannot depend on speculation or conjecture. See State v. Williams , 229 Kan. 646, 663-64, 630 P.2d 694 (1981) ; State v. Perez-Rivera , 41 Kan. App. 2d 579, 581-83, 203 P.3d 735 (2009) ; State v. Judd , No. 112606, 2016 WL 2942294, at *2 (Kan. App. 2016) (unpublished opinion) ("[C]onvictions may not rest on speculation or surmise.").
The governing issue here is whether the pills in the car Brazzle was driving are oxycodone. The pills were never chemically tested. Officer Toolin, who found the pills, described them at trial as "small, gray pills" with "a K 57 marking" on them. The only evidence the State presented as to the chemical makeup of the pills was this testimony from Officer Toolin:
"Q. All right, Officer Toolin, now that you've had a chance to look at your report, did you identify that pill?
"A. Yes, I did.
"Q. What is it?
"A. It's Oxycodone hydrochloride.
"Q. How did you identify that pill?
"A. Using a common method of drugs.com.
"Q. Is that something that law enforcement in the United States uses to identify pills?
"A. Yes, we do."
That's it. Brazzle's lawyer did not cross-examine Officer Toolin on this point. So, at best, the jurors knew that Officer Toolin looked at some site on the Internet and figured out the pills were Oxycodone and that other law enforcement agents use the same site. But the jurors knew nothing about what drugs.com is, what kind of information it offers, who sponsors it, or why it might be reliable-among all of the stuff swirling around in cyberspace-in identifying drugs. Nor did the jurors have any idea how Officer Toolin specifically went about using the site to discern the content of those pills or how it *1259 works for other unknown drugs. Officer Toolin presumably could have explained at least some of those things to the jurors. But he didn't. What we effectively have as the only evidence on a key element of the crime is a government agent's statement, "I found it on the Internet, just the way other officers do."
To the extent there is a dividing line between testimony presenting barely sufficient facts and testimony dependent upon juror speculation, this falls well on the speculation side. The jurors had to fill in not only details but basic facts about the identification of the pills as oxycodone through means other than the evidence presented. In short, they were left to guess about how Officer Toolin managed this Internet magic. And guesses aren't good enough to support criminal convictions, especially when that's all there is. See State v. Burnison , 247 Kan. 19, 28, 795 P.2d 32 (1990).
The cases the majority cites in support of its conclusion are inapposite. In both People v. Mooring , 15 Cal. App. 5th 928, 936-39, 223 Cal.Rptr.3d 616 (2017), and State v. Sandoval , No. 1 CA-CR14-0242, 2015 WL 1035236, at *6 (Ariz. App. 2015) (unpublished opinion), the prosecution presented considerably more evidence about those particular websites and their use and reliability, along with corroborating circumstantial evidence the pills at issue contained controlled substances. In People v. Spradlin , 56 Misc. 3d 742, 750, 52 N.Y.S.3d 833 (2017), a judge accepted an officer's reliance on drugs.com in making a probable cause determination to hold a defendant for trial-a preliminary step in the adjudicatory process the judge rather deliberately distinguished from the trial itself. More apt is People v. Hard , 342 P.3d 572, 580 (Colo. App. 2014), in which the appellate court found an officer's identification of pills as oxycodone using only drugs.com was legally insufficient to support a conviction.
I would reverse Brazzle's conviction because we don't find people guilty based on evidence that requires jurors to guess about the existence of an element of the crime.