People v Mastrella (2024 NY Slip Op 51432(U))

[*1]

People v Mastrella

2024 NY Slip Op 51432(U)

Decided on October 21, 2024

Justice Court Of The Town Of Webster, Monroe County

DiSalvo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 21, 2024
Justice Court of the Town of Webster, Monroe County

The People of the State of New York

against
Rocco J. Mastrella, Defendant.

Docket No. 24070138

Sandra Doorley, District Attorney, Monroe County (Megan L. Hausner and Tessa Rossi [awaiting admission] of Counsel), for plaintiff. 
Julie Cianca, Monroe County Public Defender (Sara Gaylon of Counsel), for defendant. 

Thomas J. DiSalvo, J.

Facts of the Case.
On July 27, 2024 at 11:03 P.M. the defendant was charged with two counts of criminal possession of a controlled substance in the seventh degree in violation of P.L. § 220.03. Penal Law Section 220.03 states in pertinent part as follows: "A person is guilty of criminal possession of a controlled substance in the seventh degree when he or she knowingly and unlawfully possesses a controlled substance." Webster Police Officer Michael Payne, Jr. alleged in the factual portion of the information as follows:
"On the above date and time, the defendant was the sole occupant of a black 2021 Jeep Compass bearing NYS registration JRE 1080, located at 664 Regina Drive in the Town of Webster. The aforementioned Jeep contained Cocaine and Fentanyl therein. Furthermore, Cocaine and Fentanyl are schedule II- controlled substances. The substances were individually tested, and both tested positive for their respective controlled substances."
The officer stated in said accusatory that "The above allegations of fact are made by the complainant on DIRECT KNOWLEDGE."
The omnibus motions filed by defense counsel included a motion to dismiss the accusatory instrument herein as being defective on its face, pursuant to CPL §§ 170.30 (1) (a); 170.35 (1) (a); 170.40 (1) (b); 110.40 (4) (b) and 100.40 (1) (c). The people filed a response in opposition thereto.
Defense counsel's motion to dismiss the information herein on facial insufficiency grounds is based on two specific alleged defects in said accusatory instrument. First, that the accusatory instrument is defective because it fails to allege every element of the offense, to wit: that the defendant knowingly possessed a controlled substance. Secondly, that the accusatory instrument fails to contain non-hearsay allegations of an evidentiary nature regarding an element of the offense.
Legal Analysis.
Knowing Possession. Knowingly is defined in CPL § 15.05 (2) as when "A person acts knowingly with respect to conduct or to a circumstance described by a statute defining an offense when he is aware that his conduct is of such nature or that such circumstance exists." In said motions defense counsel argues that the accusatory herein "does not allege that the Defendant had knowledge these substances were inside the vehicle he was located in." It must be noted that the accusatory instrument does not state where in the vehicle the alleged controlled substances were found, only that "The aforementioned Jeep contained Cocaine and Fentanyl therein". No supporting deposition was attached to the accusatory instrument that might have set out more details as to the facts that led to the arrest of the defendant.
"A misdemeanor complaint is sufficient on its face when it alleges facts of an evidentiary character supporting or tending to support the charges [C.P.L. § 100.15(3) ] and provides reasonable cause to believe that the defendant committed the crime charged [C.P.L. § 100.40(4)(b) ]; see People v. Dumas, 68 NY2d 729, 506 N.Y.S.2d 319, 497 N.E.2d 686 (1986). '[A]n accusatory instrument must be given a reasonable, not overly technical reading.' People v. Konieczny, 2 NY3d 569, 576, 780 N.Y.S.2d 546, 813 N.E.2d 626 (2004). The use of legally sufficient circumstantial evidence is sufficient to establish elements of an offense. People v. Serrano, 5 Misc 3d 509, 785 N.Y.S.2d 281 (Nassau Dist. Ct.2004); People v. Stephens, 177 Misc 2d 819, 676 N.Y.S.2d 905 (Kings County Ct.1998). To be facially sufficient an accusatory instrument need only establish a prima facie case and it need not establish guilt beyond a reasonable doubt. People v. Henderson, 92 NY2d 677, 685 N.Y.S.2d 409, 708 N.E.2d 165 (1999); People v. Moncayo, NYLJ, April 10, 1997, at 29, Col. 4 (App.Term, 2d & 11th Jud. Distr.)." (People v. Healy, 55 Misc 3d 895,897, 50 N.Y.S.3d 820,822-823 [2017])
The only circumstantial evidenced presented by the accusatory instrument is that the defendant was the only occupant of the jeep and that the contraband was found in said jeep. However, CPL § 100.15 (3) states "The factual part of such instrument must contain a statement of the complainant alleging facts of an evidentiary character supporting or tending to support the charges. In addition, for an information to be sufficient CPL § 100.40 (1) (b) requires that

"The allegations of the factual part of the information, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information information and/or any supporting deposition establish, if true, every element of the offense charged and the defendant's commission thereof."
Lastly, CPL § 100.40 (1) (c) specifies that "Non-hearsay allegations of the factual part of the information and/or of any supporting depositions establish, if true, every element of the offense charged and the defendant's commission thereof." Nowhere in the factual portion of the [*2]information herein does the complainant allege the element that the defendant knowingly possessed the illegal substances in question. Failure to allege that element of the crime would render the information insufficient on its face.
Non-Hearsay Allegations of Fact. As previously stated the accusatory instrument herein states that "The aforementioned Jeep contained Cocaine and Fentanyl therein." That is a conclusory statement, which fails to allege a fact of an evidentiary character supporting or tending to support the charge herein as would be required by CPL § 100.15 (3). Furthermore, "a conclusory statement ... standing alone [is] insufficient to meet the reasonable cause requirement" of CPL § 100.40 (1) (b).[FN1]
In an effort to establish such facts of an evidentiary matter, the information goes on to say that " The substances were individually tested, and both tested positive for their respective controlled. substances". That statement is the perfect example of a hearsay statement, which is defined as "an out of court statement of a declarant offered in evidence to prove the truth of the matter asserted in the statement".[FN2]
However, the Court of Appeals has "rejected the notion that a laboratory report is necessary to set forth a prima facie case". (People v. Kalin, 12 NY3d 225,231, 878 N.Y.S. 2d 653,657 [2009])
The Court of Appeals has held that
"it is clear from our precedent that not every deficiency implicates the jurisdiction of the court. 'So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading' (People v. Casey, 95 NY2d 354, 360, 717 N.Y.S.2d 88, 740 N.E.2d 233 [2000] ). An information is jurisdictionally sufficient if it contains allegations which would establish, 'if true, every element of the offense charged and the defendant's commission thereof' (CPL 100.40[1] [c] ). Although an information should be based on nonhearsay allegations, 'a purported hearsay defect in an accusatory instrument is jurisdictional and, thus forfeited by a guilty plea' (People v. Keizer, 100 NY2d 114, 121, 760 N.Y.S.2d 720, 790 N.E.2d 1149 [2003')" (People v. Koniezny, 2 NY3d 569,575, 780 N.Y.S.2d 546,550 [2004])
In fact the Court in Kalin reversed an order of the Appellate Term and reinstated a conviction wherein the terms of the accusatory instrument charging the defendant with criminal possession of a controlled substance in the seventh degree was based on the observation and training of the complainant arresting officer.[FN3]
Nevertheless, the Court held that

"an information must also set forth 'nonhearsay allegations' which, if true, establish every element of the offense charged and the defendant's commission thereof (People v. Henderson, 92 NY2d 677, 679, 685 N.Y.S.2d 409, 708 N.E.2d 165 [1999]; see CPL 100.40[1][c] ). This is referred to as the 'prima facie case requirement' (People v. Jones, 9 [*3]NY3d 259, 262, 848 N.Y.S.2d 600, 878 N.E.2d 1016 [2007])."[FN4]
The allegation herein that the items seized from the defendant's jeep were tested and determined to be controlled substances is not based on the officer's observations nor his prior training and/or experience. Thus that allegation as being pure hearsay does not meet that prima facie requirement. As a result the information herein is insufficient on its face pursuant to CPL §§ 100.40 (3);

Conclusion
The motion to dismiss the accusatory instrument, charging the defendant with two counts of the offense of criminal possession of a controlled substance in the seventh degree in violation of P.L. § 220.03, as being insufficient on its face pursuant to CPL §§ 170.30 (1) (a) and 170.35 (1) (c) is hereby granted. This constitutes the decision and order of this court.
Dated: October 21, 2024
Webster, New York
Hon. Thomas J. DiSalvo
Webster Town Justice

Footnotes

Footnote 1:(See People v. Spradlin, 56 Misc 3d 742,749, 52 N.Y.S.3d 833,837 {2017])

Footnote 2:(Guide to New York Evidence § 8.00)

Footnote 3:(Kalin, at 230-231, 656)

Footnote 4:(Id. at 228-229, 655)