[3 NE3d 709, 980 NYS2d 372]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROOSEVELT JENNINGS, Appellant.

Decided December 10, 2013

**APPEARANCES OF COUNSEL**

*Steven Banks, The Legal Aid Society*, New York City (*Natalie Rea* of counsel), for appellant.

*Charles J. Hynes, District Attorney*, Brooklyn (*Marie John-Drigo* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Term should be affirmed.

On appeal, defendant argues that the accusatory instrument, which alleged attempted criminal possession of a controlled substance in the seventh degree, was facially insufficient to show his knowledge of the controlled substance's presence. However, knowledge of possession of a controlled substance "may be proven circumstantially," and "possession suffices to permit the inference that possessors know what they possess" (*People v Mizell*, 72 NY2d 651, 656 [1988]).

Although defendant characterizes the self-described "burnt residue" as de minimis (*cf. State v Baker*, 912 SW2d 541, 545 [Mo Ct App 1995]), the record indicates otherwise. Both the accusatory instrument and the laboratory report refer to the presence of cocaine "residue" within the glass pipe. Notwithstanding defendant's contentions, the residue was of a sufficient quantity and character as confirmed by the criminalist who testified to removing a portion of the residue from the pipe with a tiny scoop for testing. Also, Police Officer Harrison stated that the drug was visible.

Finally, the arresting officer alleged that she had observed defendant in possession of the glass pipe prior to defendant dropping it, and had based her conclusion that it might contain crack cocaine on her professional training, her experience from prior arrests, and her recognition of the pipe as an instrument for smoking crack. Thus, the accusatory instrument was sufficient (*see People v Kalin*, 12 NY3d 225, 229-230, 230-232 [2009]; *Mizell*, 72 NY2d at 656-657).

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, PIGOTT, RIVERA and ABDUS-SALAAM concur.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order affirmed, in a memorandum.