The People of the State of New York, Respondent,
against
Aleksejs Saveljevs, Appellant.




New York City Legal Aid Society (Elizabeth L. Isaacs, Esq.), for appellant.
District Attorney Kings County (Leonard Joblove, Solomon Neubort, Daniel Berman of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Raymond Rodriguez, J.), rendered April 9, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the seventh degree.




ORDERED that the judgment of conviction is affirmed.
Defendant, who pleaded guilty to criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), contends on appeal that the accusatory instrument was defective because it contained no description of the characteristics of the substance he allegedly possessed.
The accusatory instrument alleging the offense must be reviewed by the standards applicable to a criminal complaint by virtue of defendant's waiver of prosecution by information (see e.g. People v Dumay, 23 NY3d 518, 522 [2014]). In the instrument, the arresting officer stated that he had observed defendant drop a hypodermic needle to the ground, and that he had recognized the contents of the needle to be heroin. He based his identification of the substance on his "professional training as a police officer in the identification of heroin," and on the fact [*2]that he had previously seized substances which had "possesse[d] the same physical characteristics" as the substance he observed in defendant's hypodermic needle, which previously seized substances had been chemically identified as heroin. He further stated that he is "familiar with the common methods of packaging heroin and the hypodermic needle used to package the substance in this case is a commonly used method of packaging such substance."
Although, as defendant contends, the facts set forth in the accusatory instrument did not include a description of the substance observed in the hypodermic needle, such a description is not necessary where, as here, the basis of the officer's identification of the substance is satisfactorily set forth (see People v Smalls, 26 NY3d 1064, 1067 [2015]; People v Batts, 53 Misc 3d 153[A], 2016 NY Slip Op 51729[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; People v Harris, 50 Misc 3d 133[A], 2016 NY Slip Op 50029[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). Moreover, here there are other, objective indicia of criminality, namely, defendant's possession and abandonment of paraphernalia commonly associated with the use of the substance alleged to be identified (see People v Jennings, 22 NY3d 1001, 1002 [2013]; People v Kalin, 12 NY3d 225, 231-232 [2009]). Given a "fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]; see also People v Davis, 13 NY3d 17, 31 [2009] ["common sense and reasonable pleading" govern review of the sufficiency of accusatory instruments]), the accusatory instrument provided sufficient notice to allow defendant to prepare a defense and was adequately detailed so as to prevent defendant from being prosecuted twice for the same offense (see People v Casey, 95 NY2d at 360).
Accordingly, the judgment of conviction is affirmed.
Weston, J.P., Aliotta and Elliot, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 23, 2017