People v Sprull (2020 NY Slip Op 51285(U))

[*1]

People v Sprull (Gail)

2020 NY Slip Op 51285(U) [69 Misc 3d 135(A)]

Decided on October 30, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 30, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., BERNICE D. SIEGAL, WAVNY
TOUSSAINT, JJ

2017-1557 K CR

The People of the State of New York,
Respondent, 
against
Gail Sprull, Appellant. 

New York City Legal Aid Society (Hannah Gladstein of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Gamaliel Marrero and Daniel Berman of
counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County
(Michael J. Yavinsky, J.), rendered July 12, 2017. The judgment convicted defendant, upon her
plea of guilty, of disorderly conduct, and imposed sentence.

ORDERED that the judgment of conviction is reversed, on the law, and the accusatory
instrument is dismissed.
After waiving prosecution by information, defendant pleaded guilty to the added charge of
disorderly conduct (Penal Law § 240.20) in satisfaction of an accusatory instrument that had
charged her with two counts of criminal possession of a controlled substance in the seventh
degree (Penal Law § 220.03). The accusatory instrument, executed and sworn to by a police
detective, alleged the following:
"The deponent states that, [on or abut March 25, 2016, at approximately 5:20 p.m.,
at a location in Kings County,] the deponent did observe the defendant inside the bedroom of the
above listed location, and did observe the defendant in possession of a quantity of crack/cocaine
residue in that the deponent did recover said crack/cocaine residue from the [*2]defendant's pants pocket.
The
deponent further states that the deponent did observe the defendant to be in possession of an
additional quantity of crack/cocaine residue in that the deponent did recover said quantity of
crack/cocaine residue from on top of the bed, on a TV shelf, and on the floor of the above listed
location.
Deponent further states that the deponent has had
professional training as a police officer in the identification of crack/cocaine, has previously
made arrests for the criminal possession of crack/cocaine, has previously seized crack/cocaine,
which was determined to be such by a chemical analysis by the police department laboratory, and
the substance in this case possesses the same physical characteristics as such previously
chemically identified substance. Based on the foregoing, in
deponent's opinion, the substance in this case is crack/cocaine."
On
appeal, defendant contends, among other things, that the accusatory instrument was
jurisdictionally defective because it lacked evidentiary facts supporting the officer's conclusion
that the substance he recovered was crack-cocaine residue. In their respondent's brief, the People
state that, based on this court's decision in People v Neischer (64 Misc 3d 149[A], 2019 NY Slip Op
51410[U][App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]), they are
constrained to concede that the accusatory instrument was facially insufficient.
"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a
criminal prosecution" (People v Case, 42 NY2d 98, 99 [1977]; see also People v Dumay, 23 NY3d
518, 522 [2014]; People v
Dreyden, 15 NY3d 100, 103 [2010]). Thus, the facial insufficiency of an accusatory
instrument constitutes a jurisdictional defect which is not forfeited by a defendant's guilty plea
(see Dreyden, 15 NY3d at 103; People v Konieczny, 2 NY3d 569, 573 [2004]). Here, since
defendant expressly waived the right to be prosecuted by information, the relevant counts of the
accusatory instrument must be evaluated under the standards that govern a misdemeanor
complaint (see Dumay, 23 NY3d at 524; see also CPL 100.15; 100.40 [4];
People v Dumas, 68 NY2d 729, 731 [1986]). While the law does not require that the
accusatory instrument contain the most precise words or phrases most clearly expressing the
charges, the offense and factual bases therefor must be sufficiently alleged (see
Konieczny, 2 NY3d at 575). Moreover, here, since defendant pleaded guilty to a violation
which was not charged in the accusatory instrument, and which did not constitute a lesser
included offense of criminal possession of a controlled substance in the seventh degree, a class A
misdemeanor, to warrant a reversal of the judgment of conviction and a dismissal of the
accusatory instrument, defendant's jurisdictional challenge to the facial sufficiency of the
instrument has to successfully challenge the facial sufficiency of all of the counts charged therein
(see People v Arnaud, 66 Misc 3d
126[A], 2019 NY Slip Op 52023[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2019]; People v Perez, 64 Misc 3d
84, 91 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; People v Mason, 62 Misc 3d 75,
77 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]).
Pursuant to Penal Law § 220.03, "[a] person is guilty of criminal possession of a [*3]controlled substance in the seventh degree when he or she
knowingly and unlawfully possesses a controlled substance." Standing alone, a conclusory
statement that a substance seized from a defendant was a particular type of controlled substance
does not meet the reasonable cause requirement (see People v Kalin, 12 NY3d 225, 229 [2009]; Dumas, 68
NY2d at 731 [the charge must be "supported by evidentiary facts showing the basis for th(at)
conclusion"]). Rather, the factual allegations must establish the basis of the police officer's belief
that the substance seized was a particular type of controlled substance (see People v Smalls, 26 NY3d
1064, 1067 [2015]; People v
Jennings, 22 NY3d 1001, 1002 [2013]; Kalin, 12 NY3d at 229). The Court of
Appeals has noted that one way to achieve this goal of providing support or an explanation for
the officer's conclusion is that the officer could set forth briefly, with reference to his or her
training and experience, how he or she formed that belief (see Dreyden, 15 NY3d at
103-104; Kalin, 12 NY3d at 231-232). Thus, under Kalin and its progeny, an
accusatory instrument charging a violation of Penal Law § 220.03 is sufficient when it
"adequately identifies the particular drug, alleges that the accused possessed that illegal
substance, states the officer's familiarity with and training regarding the identification of the
drug, provides some information as to why the officer concluded that the substance was a
particular type of illegal drug, and supplies sufficient notice of the charged crime to satisfy the
demands of due process and double jeopardy" (Kalin, 12 NY3d at 231). 
Here, however, the accusatory instrument lacked a sufficient factual basis supporting the
detective's conclusion that defendant was in possession of crack-cocaine residue (see
Neischer, 64 Misc 3d 149[A], 2019 NY Slip Op 51410[U]). While the detective identified
the particular drug alleged to have been possessed by defendant and stated his familiarity with
and training regarding the identification of that drug, the accusatory instrument did not provide
any additional information as to why he concluded that the substance was crack-cocaine residue,
such as by describing the appearance of the crack-cocaine residue or its placement in a glass pipe,
or some other commonly used apparatus for consuming crack-cocaine, nor did the detective state
that the crack-cocaine residue was packaged in something commonly used for packaging
crack-cocaine, such as a plastic twist or ziplock bag (cf. People v Mitchell, 67 Misc 3d 139[A], 2020 NY Slip Op
50651[U] [App Term, 1st Dept 2020]; People v Verner, 66 Misc 3d 137[A], 2020 NY
Slip Op 50046[U] [App Term, 1st Dept 2020]; People v Crawford, 66 Misc 3d 133[A], 2019 NY Slip Op
52118[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; People v Blanding, 65 Misc 3d
136[A], 2019 NY Slip Op 51669[U] [App Term, 1st Dept 2019]; People v Lakins, 63 Misc 3d 51
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; People v Saveljevs, 56 Misc 3d 130[A], 2017 NY Slip Op
50857[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). Consequently, the facts
alleged in the accusatory instrument were insufficient to establish the basis for the detective's
conclusion that the substance that defendant had possessed was crack-cocaine residue (see
Neischer, 64 Misc 3d 149[A], 2019 NY Slip Op 51410[U]), and, therefore, as the People
concede, the two counts contained in the accusatory instrument charging defendant with criminal
possession of a controlled substance in the seventh degree were facially insufficient and could
not support the guilty plea to disorderly conduct.
Based upon the foregoing, we need not review defendant's remaining contentions.
Accordingly, the judgment of conviction is reversed and the accusatory instrument is
dismissed.
ALIOTTA, P.J., SIEGAL and TOUSSAINT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 30, 2020