People v Rivera (2025 NY Slip Op 50187(U))

[*1]

People v Rivera (Athena)

2025 NY Slip Op 50187(U)

Decided on February 13, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 13, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELENA GOLDBERG-VELAZQUEZ, JOSEPH R. CONWAY, JJ

2023-1050 S CR

The People of the State of New York, Respondent,
against
Athena Rivera, Appellant. 

Suffolk County Legal Aid Society (April J. Winecke of counsel), for appellant.
Suffolk County District Attorney (Rosalind C. Gray and Marion Tang of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, First District (James A. Saladino, J.), rendered September 19, 2023. The judgment convicted defendant, upon a plea of guilty, of driving while ability impaired, and imposed sentence. The appeal brings up for review an order of the same court dated September 7, 2022, which denied the branches of defendant's motion seeking dismissal of the accusatory instrument as facially insufficient or, in the alternative, on the ground that her statutory right to a speedy trial had been violated.

ORDERED that the judgment of conviction is reversed, on the law, so much of the order dated September 7, 2022 as denied the branch of defendant's motion seeking to dismiss the information as facially insufficient is vacated, defendant's motion is granted, and the fine, if paid, is remitted.
On April 3, 2021, defendant was arraigned on an information charging her with driving while ability impaired by drugs (Vehicle and Traffic Law § 1192 [4] - count 1) and criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03 - count 2), and a supporting affirmation by a civilian witness was provided. On June 29, 2021, the People [*2]submitted, among other things, an off-calendar certificate of compliance (COC) and statement of readiness (SOR). By notice of motion returnable in December 2021, defendant moved for, among other things, dismissal of the accusatory instrument on the ground of facial insufficiency or, in the alternative, on the ground that her statutory right to a speedy trial had been violated. The People opposed the motion, to which defendant replied. By order dated September 7, 2022, the District Court (James A. Saladino, J.) denied these branches of defendant's motion, finding that the information "satisf[ies] the requirements of Criminal Procedure Law § 100.40 [and] the People have utilized 88 days of the People's time in total, permitting the case to proceed to hearings and trial."
On March 23, 2023, following plea negotiations, defendant pleaded guilty to driving while ability impaired by drugs and was sentenced to a six-month TASC program and 49 hours of community service. Defendant was informed that if she successfully completed the TASC program, she could withdraw her plea and plead guilty to driving while ability impaired (Vehicle and Traffic Law § 1192 [1]) in satisfaction of all of the charges, and that she would be sentenced to a conditional discharge and a fine. Defendant successfully completed the TASC program and, on September 19, 2023, she withdrew her prior guilty plea and pleaded guilty to driving while ability impaired. She was sentenced to a conditional discharge and a $500 fine. Her driver's license was suspended for 90 days. On appeal, defendant contends, among other things, that the accusatory instrument is facially insufficient. We agree. 
"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (People v Case, 42 NY2d 98, 99 [1977]; see People v Dumay, 23 NY3d 518, 522 [2014]; People v Dreyden, 15 NY3d 100, 103 [2010]; see also People v Kalin, 12 NY3d 225 [2009]; People v Casey, 95 NY2d 354, 363 [2000]). The facial insufficiency of an accusatory instrument constitutes a jurisdictional defect which is not forfeited by a defendant's guilty plea (see Dreyden, 15 NY3d at 103; People v Konieczny, 2 NY3d 569, 573 [2004]). As defendant did not waive prosecution by information, her facial insufficiency contention must be reviewed by the standards applicable to informations (see Dumay, 23 NY3d at 522). However, by pleading guilty, any hearsay defects in the information are deemed to be waived (see People v Keizer, 100 NY2d 114, 121-123 [2003]).
Penal Law § 220.03 provides:
"A person is guilty of criminal possession of a controlled substance in the seventh degree when he or she knowingly and unlawfully possesses a controlled substance"
The factual allegations in the information, specifically referring to the above count, state:
"DEFENDANT . . . KNOWINGLY AND UNLAWFULLY POSSESSED A CONTROLLED SUBSTANCE, NAMELY ALPRAZOLAM; IN THAT, THE DEFENDANT WAS FOUND IN POSSESSION OF BLUE PILLS MARKED 'B707' IN HER PURSE WITHIN HER VEHICLE IN A CLEAR PLASTIC BAG. THE [*3]DEFENDANT DID NOT HAVE ANY PRESCRIPTION OR LAWFUL REASON TO HAVE IT IN HER POSSESSION AND DID MAKE AN ORAL STATEMENT TO YOUR DEPONENT OF 'THOSE DRUGS ARE NOT MINE, THEY ARE MY BOYFRIEND'S.' "
A laboratory report is not required to accompany an accusatory instrument charging a defendant with criminal possession of a controlled substance in the seventh degree for it to be facially sufficient (see Kalin, 12 NY3d at 231; People v Pearson, 78 AD3d 445 [2010]; People v Price, 49 Misc 3d 130[A], 2015 NY Slip Op 51415[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). " 'Standing alone, a conclusory statement that a substance seized from a defendant was a particular type of controlled substance does not meet the reasonable cause requirement' " (People v Hill, 38 NY3d 460, 464 [2022], quoting People v Kalin, 12 NY3d at 229; see CPL 100.40 [1] [b]). An accusatory instrument is sufficient so long as the factual allegations therein establish the basis of the arresting officer's belief that the substance seized was a particular type of controlled substance (see Kalin, 12 NY3d at 229, 231-232; People v Dumas, 68 NY2d 729, 731 [1986]; Price, 2015 NY Slip Op 52415[U]).
In the case at bar, the arresting officer stated in the accusatory instrument that he observed "blue pills marked 'B707' . . . in a clear plastic bag," and conclusorily stated that the pills were alprazolam without providing any information regarding the basis of his conclusion, such as his familiarity, experience and/or training in the identification and packaging of controlled substances. Moreover, the accusatory instrument did not allege that defendant had identified the pills as alprazolam. Therefore, the foregoing allegations are insufficient to establish the basis of the officer's knowledge of the presence of a controlled substance (see Dumas, 68 NY2d at 731; People v Sprull, 69 Misc 135[A], 2020 NY Slip Op 51285[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]; People v Neischer, 64 Misc 3d 149[A], 2019 NY Slip Op 51410[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]).
The above factual allegations contained in the information, along with the civilian witness's supporting affirmation, do not provide reasonable cause to believe that defendant knowingly possessed a controlled substance (see CPL 100.40 [1] [b]). Moreover, the information does not contain factual allegations that "establish, if true, every element of the offense charged" (CPL 100.40 [1] [c]; see People v Jones, 9 NY3d at 259, 261-262 [2007]; Casey, 95 NY2d 354; People v Alejandro, 70 NY2d 133 [1987]). Consequently, so much of the information as charged defendant with criminal possession of a controlled substance in the seventh degree is jurisdictionally defective (see Jones, 9 NY3d at 263; Dumas, 68 NY2d at 73; People v Sumter, 151 AD3d 556, 557 [2017]), and defendant's motion to dismiss that count should have been granted.
Vehicle and Traffic Law § 1192 (4) provides:
"Driving while ability impaired by drugs. No person shall operate a motor vehicle while the person's ability to operate such a motor vehicle is impaired by the use of a drug as [*4]defined in this chapter."
Vehicle and Traffic Law § 114-a of the same chapter provides: "The term 'drug' when used in this chapter, means and includes any substance listed in section thirty-three hundred six of the Public Health Law," and § 3306 provides an extensive list of controlled substances.
The factual allegations in the information, specifically referring to the above count, state that:
"DEFENDANT WAS DRIVING A 2018 GRAY HONDA CIVIC WITH NY REGISTRATION HLV3243 AND WAS INVOLVED IN A REPORTABLE MOTOR VEHICLE CRASH BY TRAVELING NORTHBOUND IN THE SOUTHBOUND LANE OF TRAFFIC HITTING ANOTHER VEHICLE ON MT. SINAI CORAM RD, A PUBLIC HIGHWAY IN CORAM, TOWN OF BROOKHAVEN, COUNTY OF SUFFOLK, NEW YORK. UPON INTERVIEWING DEFENDANT, YOU DEPONONT [SIC] OBSERVED THAT THE DEFANDANT [SIC] HAD BLOODSHOT AND GLASSY EYES, SLURRED SPEECH, WAS UNSTEADY ON HER FEET AND HAD CONSTRICTED PUPILS. THE DEFENDANT APPEARED TIRED AND LETHARGIC, YOUR DEPONANT [SIC] OBSERVED A CLEAR PLASTIC BAG CONTAINING NARCOTICS IN HER PURSE, WHICH WAS IN THE VEHICLE. THE DEFENDANT STATED IN SUM AND SUBSTANCE 'THOSE DRUGS ARE NOT MINE. THEY ARE MY BOYFRIEND'S.' AND 'I WAS IN AN ACCIDENT.' THE STANDARDIZED FIELD SOBRIETY TESTS WERE ADMINISTERED AND THE TESTS AND CLUES SHOWED INDICATIONS OF IMPAIRMENT BY A DRUG OR A COMBINATION OF DRUGS. THE DEFENDANT WAS ARRESTED AND TRANSPORTED TO THE SIXTH PRECICNT [SIC] WHERE AT 1825 HOURS THE DEFENDANT DID SUBMIT TO A BLOOD TEST, KIT #18436 RESULTS ARE FORTHCOMING. THIS ARREST IS ALSO BASED IN PART ON THE STATEMENT OF KEVIN MCCORMICK."
The aforementioned factual allegations contained in the information, along with the civilian witness's affirmation, do not provide reasonable cause to believe that defendant was impaired by the use of any of the substances set forth in Public Health Law § 3306 (see CPL 100.40 [1] [b]), as it fails to allege any drug. Moreover, the information does not contain factual allegations that "establish, if true, every element of the offense charged" (CPL 100.40 [1] [c]; see Jones, 9 NY3d at 261-262; Casey, 95 NY2d 354; Alejandro, 70 NY2d 133; People v Jackson, 32 Misc 3d 139[A], 2011 NY Slip Op 51550[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]). Even when the factual allegations for both of the counts are read together and purport to identify the prohibited impairing drug as alprazolam, as noted previously, there is no basis for such a conclusion. Consequently, we find that so much of the information as charged defendant with driving while ability impaired by drugs is similarly facially insufficient (see Jones, 9 NY3d at 263; Sumter, 151 AD3d at 557; Jackson, 2011 NY Slip Op 51550[U]), and defendant's motion to dismiss that count should have been granted.
We pass on no other issue.
Accordingly, the judgment of conviction is reversed, so much of the order dated September 7, 2022 as denied the branch of defendant's motion seeking to dismiss the information as facially insufficient is vacated, and defendant's motion is granted.
GARGUILO, P.J., GOLDBERG-VELAZQUEZ and CONWAY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 13, 2025