People v Larkin (2025 NY Slip Op 50826(U))

[*1]

People v Larkin (Matthew)

2025 NY Slip Op 50826(U)

Decided on May 9, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 9, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., LISA S. OTTLEY, JOANNE D. QUIÑONES, JJ

2022-410 Q CR

The People of the State of New York, Respondent,
against
Matthew Larkin, Appellant. 

Appellate Advocates (Robert C. Langdon of counsel), for appellant.
Queens County District Attorney (Johnnette Traill, Charles T. Pollak and Rahul K. Sukesh of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Jessica Earle-Gargan, J.), rendered April 22, 2022. The judgment convicted defendant, upon a plea of guilty, of criminal possession of a controlled substance in the seventh degree, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
After waiving prosecution by information, defendant pleaded guilty to criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03) in satisfaction of an accusatory instrument that also charged him with a violation of the Vehicle and Traffic Law. The Criminal Court (Jessica Earle-Gargan, J.) sentenced defendant to a conditional discharge. 
The accusatory instrument, executed and sworn to by a police officer, alleged the following:
"Deponent states that [on or about November 20, 2021, between 12:49 a.m. and 1:04 a.m., in front of 35-24 95th Street, located in Queens County], he observed the defendant, Matthew Larkin, sitting in the driver's seat of a white Toyota Camry motor vehicle, and said vehicle was double parked.
. . .
Deponent further states that he observed Police Officer Joseph Torres . . . recover a plastic container, containing a quantity of cocaine, from inside the defendant's pants.
Deponent further states that his conclusion that the above mentioned substance recovered is cocaine is based upon his experience as a police officer and in his training in the identification and packaging of controlled substances."
On appeal, defendant challenges only the facial sufficiency of the count to which he pleaded guilty, contending that the accusatory instrument contained a conclusory assertion that the controlled substance he allegedly possessed was cocaine.
"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (People v Case, 42 NY2d 98, 99 [1977]; see People v Dumay, 23 NY3d 518, 522 [2014]; People v Dreyden, 15 NY3d 100, 103 [2010]). Thus, the facial insufficiency of an accusatory instrument constitutes a jurisdictional defect which is not forfeited by a defendant's guilty plea (see People v Thiam, 34 NY3d 1040 [2019]; Dreyden, 15 NY3d at 103; People v Konieczny, 2 NY3d 569, 573 [2004]). Here, since defendant expressly waived the right to be prosecuted by information, the relevant count of the accusatory instrument must be evaluated under the standards that govern a misdemeanor complaint (see Dumay, 23 NY3d at 524; see also CPL 100.15, 100.40 [4]), which is sufficient on its face when it alleges facts of an evidentiary character supporting or tending to support the charge (see CPL 100.40 [4] [a]; 100.15 [3]) and provides reasonable cause to believe that the defendant committed the crime charged (see CPL 100.40 [4] [b]; People v Dumas, 68 NY2d 729, 731 [1986]). While the law does not require that the accusatory instrument contain the most precise words or phrases most clearly expressing the charge, the offense and factual bases therefor must be sufficiently alleged (see Konieczny, 2 NY3d at 575). "So long as the factual allegations of an [accusatory instrument] give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]; see Konieczny, 2 NY3d at 575).
Pursuant to Penal Law § 220.03, "[a] person is guilty of criminal possession of a controlled substance in the seventh degree when he or she knowingly and unlawfully possesses a controlled substance." Standing alone, a conclusory statement that a substance seized from a defendant was a particular type of controlled substance does not meet the reasonable cause requirement (see People v Kalin, 12 NY3d 225, 229 [2009]; Dumas, 68 NY2d at 731 [the charge must be "supported by evidentiary facts showing the basis for th(at) conclusion"]). An accusatory instrument charging a violation of Penal Law § 220.03 is sufficient when it "adequately identifies the particular drug, alleges that the accused possessed that illegal substance, states the officer's familiarity with and training regarding the identification of the drug, provides some information as to why the officer concluded that the substance was a particular type of illegal drug, and supplies sufficient notice of the charged crime to satisfy the demands of due process and double jeopardy" (Kalin,12 NY3d at 231-232; see People v Smalls, 26 NY3d 1064, 1067 [2015]; People v Jennings, 22 NY3d 1001, 1002 [2013]; People v Pertsas, 84 Misc 3d 136[A], 2024 NY Slip Op 51828[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2024]).
Here, the factual allegations contained in the accusatory instrument were sufficient to establish the basis for the police officer's conclusion that the substance recovered was cocaine, in that the officer explained, with reference to his training and experience in identifying controlled [*2]substances, how he had formed that belief, describing the packaging the cocaine was found in, i.e., a plastic container small enough to have been recovered from defendant's pants (see Smalls, 26 NY3d at 1067; Jennings, 22 NY3d at 1002; Kalin, 12 NY3d at 230-232; People v Crawford, 66 Misc 3d 133[A], 2019 NY Slip Op 52118[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). Contrary to defendant's contention, neither a laboratory nor a field test report was required to accompany the accusatory instrument for it to be facially sufficient (see Kalin, 12 NY3d at 231; People v Pearson, 78 AD3d 445 [2010]; People v Batts, 53 Misc 3d 153[A], 2016 NY Slip Op 51729[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). In view of the foregoing, the accusatory instrument was facially sufficient.
Accordingly, the judgment of conviction is affirmed.
BUGGS, J.P. and QUIÑONES, JJ., concur.
OTTLEY, J., taking no part.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 9, 2025